[Sac. No. 4596. In Bank.—February 14, 1933.]

JOHN REITZ, Respondent, v. CORNELIUS WOLLWERT et al., Appellants.

W. T. Belieu and Arthur C. Huston, Jr., for Appellants.

George R. Freeman for Respondent.

PRESTON, J.—This appeal by defendant from judgment for plaintiff is without merit and may be disposed of with brevity.

Plaintiff, John Reitz, and one Mary Wilmes, both in the neighborhood of eighty years of age, are brother and sister. Defendant Katharine Wollwert is the daughter of Mary Wilmes and her husband is co-defendant. This cause arises from a family. dispute respecting certain apartment house property at Willows, title to which has been thoroughly litigated in the recent case of *Wilmes* v. *Reitz* wherein the judgment for defendant (plaintiff here) has now been affirmed by this court (*Wilmes* v. *Reitz*, 215 Cal. 495 [11 Pac. (2d) 379]).

On February 9, 1931, plaintiff instituted this action, alleging that he owned said property; that in 1922 he brought his sister from the east to reside with him; that thereafter he cared for her and she assisted him in the operation of said apartment house and he placed the title thereto in her name to be held in trust for him; that their relations were happy; that, however, in 1930 defendants visited Willows and soon thereafter defendant daughter attempted to obtain the title to said property, whereupon, at the request of plaintiff, his sister reconveyed it to him, despite all efforts on the part of defendants to dissuade her from so doing; that thereafter defendant daughter, having secured the appointment of herself as guardian *ad litem* because of the alleged incompetency of her mother, brought the action above referred to (*Wilmes* v. *Reitz, supra*), for the purpose of having said reconveyance set aside upon grounds of fraud; that judgment in said action was rendered for defendant (plaintiff here); that from the time of commencement thereof, these defendants, without plaintiff's consent and against his will, resided in said apartment house, paying no rent, and prevented him from having any social intercourse with his sister; that defendant daughter interfered with the tenants and collected rentals from them and otherwise obstructed the free use of his property by plaintiff; that he demanded that defendants leave and account for rentals so collected by them, but they refused to do so; that plaintiff is a frail man, now eighty years of age, and unable to use sufficient force to eject defendants; that he feared the

publicity and annoyance which would attend a breach of the peace and had no plain, speedy or adequate remedy at law; that defendants' operations were wilful, malicious and with evil motive, causing plaintiff great anguish, to his damage in the sum of $1,000, and their continuance of occupation would cause him further damage which would be irreparable, wherefore plaintiff prayed for $1,000 damages; for exemplary damages; for an injunction restraining defendants from occupying any of the rooms of said building and for other and further relief.

On February 9, 1931, the court issued a temporary restraining order, enjoining defendants from interfering with plaintiff's occupancy and full and unobstructed use of the property. Thereafter a general demurrer to the complaint was overruled and further proceedings had and defendants filed their answer, wherein they denied numerous allegations of the complaint and affirmatively alleged the facts of the previous action and pendency of the appeal therein, to be in good faith prosecuted to final judgment, and that defendant daughter was occupying and possessing said property peaceably and was committing no waste or other damage thereto. The cause later came to trial and the court made findings which declare that substantially all of the allegations of the complaint are true. Judgment accordingly went for plaintiff, making permanent said temporary injunction, and further awarding him $500 damages. Defendants appealed.

The several contentions made by appellants all relate to the main issue of whether the complaint stated facts sufficient to constitute a cause of action for equitable relief or whether respondent had an ample remedy at law. Unquestionably the evidence adduced supports the findings in every particular and shows that defendants collected many dollars in rentals and otherwise interfered with respondent's ownership of the property as alleged in his complaint.

We fail to see why injunctive relief was not warranted. It is true that the complaint did not designate appellants in so many words as trespassers upon the property, but it showed clearly that such was their status. The fact that they committed no injury or waste to the land is immaterial in view of their continued interference with all of

the rights of ownership of respondent, which could not be remedied by a future monetary award. Neither could respondent have secured adequate relief through ejectment proceedings as appellants were at no time in possession of the property. They claimed merely to be occupying the rooms of the mother and respondent had no desire to remove her from the building. Appellants were not tenants against whom respondent could have invoked forcible or unlawful detainer statutes. ■ The pendency of the prior action (*Wilmes* v. *Reitz, supra*) and the appeal therein did not preclude respondent from seeking the relief here afforded him as appellants here were not parties to that action. Appellant Katharine Wollwert appeared therein not in her individual capacity but merely as guardian *ad litem* of her mother.

In short, we have reviewed all of the several claims advanced by appellants and see no reason whatsoever for disturbing the action of the court below.

The judgment is affirmed.

Tyler, J., *pro tem.*, Langdon, J., Curtis, J., Shenk, J., Seawell, J., and Waste, C. J., concurred.