## Malott, Receiver, *v.* State, ex rel. Board of Commissioners of Clay County.

[No. 19,880.   Filed June 3, 1902.]

Receivers.—*Mandamus.*—*Complaint.*—An application for a writ of mandamus against the receiver of a railroad company is not sufficient, where it is not averred that leave of court to bring the suit was obtained, or that the receiver was appointed by a United States Court.   *p. 679.*

Appeal.—*Rules.*—*Reply Brief.*—*New Point.*—Under Supreme Court rule twenty-two, an alleged error raised for the first time in a reply brief will not be considered.   *pp. 679, 680.*

From Clay Circuit Court; *P. O. Colliver,* Judge.

Application for mandamus by State on the relation of the board of county commissioners, against Volney T. Malott, as receiver. From a judgment for relator, respondent appeals. *Reversed.*

*J. G. Williams, D. P. Williams* and *G. A. Knight,* for appellant.

*A. W. Knight,* for appellee.

Monks, J.—This proceeding was brought to compel appellant, by writ of mandamus, to restore a certain highway, under clause five of §5153 Burns 1901, §3903 R. S. 1881, and Horner 1901. No alternative writ was issued, but appellant demurred to the application for the writ for want of facts, and the same was overruled, and, appellant refusing to plead over, judgment was rendered in favor of appellee. The overruling of appellant's said demurrer is assigned for error.

It is insisted by appellant that the application for the writ was insufficient, because it did not show that appellant was receiver by appointment of a court of the United States, or that leave had been obtained to sue appellant as receiver from the court appointing him. There is no allegation in the application for the writ of mandamus showing by what court appellant was appointed receiver of said railroad company, or that leave had been obtained from such court to bring this proceeding. It has been uniformly held by this court that, as a general rule, a receiver can not be sued without leave of the court making the appointment is obtained, and such fact must be alleged by the party bringing the action against the receiver. *Malott* v. *Shimer,* 153 Ind. 35, 37, 74 Am. St. 278; *Wayne Pike Co.* v. *State, ex rel.,* 134 Ind. 672, and cases cited; *Keen* v. *Breckenridge,* 96 Ind. 69, 71, 73; High on Receivers, §254.

Where, however, the receiver is appointed by a court of the United States, said rule has been materially modified by an act of congress. *Malott* v. *Shimer, supra,* and cases cited; *Malott* v. *Hawkins,* 159 Ind. ——; *Texas, etc., R. Co.* v. *Johnson,* 151 U. S. 81, 101, 14 Sup. Ct. 250, 38 L. Ed. 81; *Gableman* v. *Peoria, etc., Co.,* 179 U. S. 335, 338, 21 Sup. Ct. 171, 45 L. Ed. 220. It follows that the court erred in overruling said demurrer.

Another objection to the sufficiency of said application is urged by appellant in his reply brief, but under rule

twenty-two of this court, in force since November 26, 1900, the same can not be considered.

Judgment reversed, with instructions to sustain appellant's demurrer, and for further proceedings not inconsistent with this opinion.