## STANDARD CEMENT COMPANY *v.* MINOR, ADMINISTRATRIX.

[No. 6,285. Filed April 7, 1908. Rehearing denied May 15, 1908. Transfer denied June 30, 1908.]

APPEAL.—*Briefs.—Waiver.—Employers' Liability Act.—Validity.*— Section one of the employers' liability act (Acts 1893, p. 294, §8017 Burns 1908) having been held unconstitutional as to corporations other than railroads, by the Supreme Court, the Appellate Court will reverse a judgment for damages for the death of a servant in an action by the administratrix against a private manufacturing corporation, though the validity of the statute was not challenged in the appellant's original brief.

From Floyd Circuit Court; *William C. Utz,* Judge.

Action by Maggie Minor, as administratrix of the estate of Wesley Minor, deceased, against the Standard Cement Company. From a judgment on a verdict for plaintiff for $5,000, defendant appeals. *Reversed.*

*M. Z. Standard* and *E. C. Hughes,* for appellant.

*Harry L. Means, George H. Voigt* and *James G. Howard, Jr.,* for appellee.

COMSTOCK, J.—Appellee recovered judgment for the death of Wesley Minor, caused by an explosion in a cement quarry while in appellant's service. The complaint is based upon the second subdivision of section one of the employers' liability act (Acts 1893, p. 294, §8017 Burns 1908). A demurrer for want of facts was overruled to the complaint, and this action of the court is assigned as one of the errors.

Since the appeal the statute upon which the complaint is based has been held unconstitutional as to "other corporations than railroads." *Bedford Quarries Co.* v. *Bough* (1907), 168 Ind. 671.

In behalf of appellee it is urged that since the question of the constitutionality of the act was not raised in appellant's first brief, it cannot now be considered. The following cases are cited in support of this claim: *Pittsburgh,*

*etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438; *Malott* v. *State, ex rel.* (1902), 158 Ind. 678; *In re Bank of Commerce* (1899), 153 Ind. 460, 47 L. R. A. 489; *Johnson* v. *Jones* (1881), 79 Ind. 141; *Manor* v. *Board, etc.* (1894), 137 Ind. 367, and cases cited; *Armstrong* v. *Hufty* (1901), 156 Ind. 606; *Pittsburgh, etc., R. Co.* v. *Greb* (1905), 34 Ind. App. 625; *Gates* v. *Baltimore, etc., R. Co.* (1900), 154 Ind. 338; *Indianapolis St. R. Co.* v. *Kane* (1907), 169 Ind. 25.

These cases are distinguishable from the case before us. In the case at bar it is not sought to discuss the constitutionality of the law. It is not a question for debate. It has been decided by the Supreme Court. In the cases cited, undetermined questions were sought to be raised in other than the first briefs, and the Supreme Court held that they were waived and that their waiver precluded their consideration.

Judgment reversed, with instructions to sustain the appellant's demurrer to the complaint.

Roby, C. J., and Watson, J., did not participate.