STATE OF INDIANA EX REL. GREEN, ETC. ET AL. *v.* GIBSON CIRCUIT COURT ET AL.

[No. 30,574. Filed April 26, 1965.]

*Kimmell, Kimmell & Funk,* of Vincennes, and *Mc-Donald & McDonald,* of Princeton, for relators.

*Addision N. Beavers, pro se,* for respondent.

MYERS, J.—This is an original action for a writ of mandate and prohibition arising from the following facts: In August, 1962, W. A. Sprowls filed an action in the Knox County Circuit Court against the relators. By agreement of the parties, the cause was venued to Gibson County, Indiana, when, after filing a demurrer to the plaintiff's complaint, the relators asked and were granted a change of judge. Hon. Addison N. Beavers was chosen to preside and he qualified on November 6, 1963. On the same day, the relators were ordered to answer. However, pursuant to their request, time for answering was extended. In the meantime, the relators filed a composite dilatory motion in accordance with Rule 1-3A along with a motion to dismiss on the ground that the court lacked jurisdiction over the subject-matter. Relators also made a request for permission to

introduce evidence to sustain the motion to dismiss. Both motions and the request to introduce evidence were overruled. Following this, relators filed a motion to reconsider and expunge the court's order from the record. This was overruled. Relators then petitioned this court to mandate the court below to set aside and expunge from the record the above entries and to grant the motion to dismiss, or, in the alternative, to permit relators to introduce evidence in support of the motion to dismiss, or to show cause on a certain day to be fixed by the court.

On April 13, 1964, this court granted to the relators a temporary writ of prohibition and ordered the respondents to show cause why the writ should not be made permanent, in response to which the respondents filed a verified return within the allowed time.

In essence, the plaintiff's complaint filed in the court below states that the plaintiff is the owner of a certain pipe line running on his right of way from a point in the City of Vincennes, Indiana, to a point in Lawrence County, Illinois, and that the defendants and their agents came upon the plaintiff's right of way and destroyed a section of the pipe line found in Lawrence County, Illinois.

The wording of the pertinent rhetorical paragraphs of the plaintiff's complaint is as follows:

"3. That on June 29, 1960, and at all times material hereto, the plaintiff was the owner and in the possession and lawfully entitled to the possession of certain personal property, to-wit: a six (6) inch gas pipe line running generally in a north and south direction from the City of Vincennes, Indiana, to the Russellville Gas Field in Lawrence County, Illinois."

"5. That commencing on or about the 29th day of June, 1960, and at diverse times thereafter, the defendants, and each of them, and their agents and employees, while acting in the course and

scope of their agencies and employment entered upon the aforesaid right-of-ways and after having been notified by the plaintiff to cease and desist from so doing and with full knowledge of the plaintiff's right in and to the aforesaid pipe line, with willful and malicious disregard of the plaintiff's rights, cut, broke, mutilated, removed and destroyed approximately one and one-half (1 1/2) miles of the above described pipeline."

Relators claim that the action pleaded by the above rhetorical paragraphs of the complaint is one for trespass to real estate, and that therefore such action should be brought in the county where the land is located. They base their claim on two propositions: (1) That due to the allegation in plaintiff's complaint to the effect that defendants entered upon plaintiff's right of way and removed and destroyed one and one-half (1-1/2) miles of plaintiff's pipe line, the gravamen of plaintiff's action is for trespass because a right of way being an interest in real estate, the action, therefore, is one for trespass to real estate; and (2) that the pipe line itself is real estate and, therefore, the action is one in regard to real estate.

Addressing ourselves to the first of the above-mentioned propositions, we find it to be without merit. Traditionally, it has been held that an action for trespass *quare clausum fregit* (trespass to real estate) cannot be maintained for an invasion of a right of way or easement. *Conner* v. *The President and Trustees of New Albany* (1820), 1 Blackf. 88; 27 West's Ind. Law Ency., Trespass, §1, p. 517; 52 Am. Jur., Trespass, §28, p. 857; 87 C. J. S., Trespass, §17, p. 969. This rule is based upon the principle that trespass actions are possessory actions and that the right interfered with is the plaintiff's right to the exclusive possession of a chattel or land. *Heffelfinger* v. *Fulton* (1900), 25 Ind. App. 33, 56 N. E. 688. Thus, since an action for trespass *quare*

*clausum fregit* cannot be maintained for entry upon a right of way, the allegation in plaintiff's complaint that the defendants entered upon the plaintiff's right of way has no other legal effect than to show that the plaintiff had constructive possession of the pipe line at the time it was damaged by the defendants. Moreover, the wording of the plaintiff's complaint does not sustain the relator's contention that the action alleged is one for trespass to an easement since nowhere does the plaintiff allege in his complaint any damage to his right of way, nor does he ask damages for its invasion.

Relator's second proposition that the pipe line is real estate is also without merit at this stage of proceedings. Relators have practically devoted their entire brief in support of their petition to a discussion of authorities holding that the remedy for injury to land is to be sought in the county where such real estate is located. However, the relators have not shown why the pipe line should be considered real estate. They have not cited any Indiana cases holding that a pipe line *per se* is real estate though they have discussed several authorities holding that an easement is an interest in land.

The case which the relators cite as authority as holding that pipe lines are realty, *Miller County Highway & Bridge District* v. *Standard P. L. Co.* (1927), 19 F. 2d 3, 4, is not in point since that case involved assessments on real property under a statute wherein pipe lines were specifically enumerated. There are several Indiana cases which held pipe lines to be personal property. See *Perry* v. *Acme Oil Co.* (1909), 44 Ind. App. 207, 88 N. E. 859, and *Smith* v. *Mesel* (1949), 119 Ind. App. 323, 84 N. E. 2d 477. These two cases, which decided ownership of pipe lines used in drilling for oil, solved the questions involved by reference to the law of fixtures. Consequently, it seems reasonable to decide the

matter at hand by reference to that same body of law. If it is shown that the pipe line in question is a fixture, then the action should be brought in Illinois. If, however, it is shown that it constitutes personal property, then it does not appear to be objectionable to permit the plaintiff to sue in Indiana.

Generally, under the law of fixtures, the question as to whether any particular thing which has been attached to land has become part of such land or whether such property remains personal property is a mixed question of law and fact and depends on the particular circumstances of each case. *Citizens Bank* v. *Mergenthaler Linotype Co.* (1940), 216 Ind. 573, 25 N. E. 2d 444; *Peed* v. *Bennett* (1944), 114 Ind. App. 412, 52 N. E. 2d 629. Also, in order that a certain item of personal property can be said to have become a fixture, the following elements must exist: (1) Annexation of the article to the land; (2) adaptation of the article to the use of the land; and (3) an intention that the article become a permanent part of the freehold. *Citizens Bank* v. *Mergenthaler Linotype Co.,* *supra,* at p. 580 of 216 Ind.

If the jurisdiction over the subject-matter of the case at hand is to be properly decided by the use of the just-stated rule, it is apparent that the Gibson Circuit Court must have before it evidence relating to the various elements which must be considered in order to determine the nature of the pipe lines in question. Therefore, the temporary writ of mandate and prohibition heretofore granted on April 13, 1964, should be modified in that the Special Judge of the Gibson Circuit Court, Gibson County, Indiana, reassume jurisdiction in the case of W. A. Sprowls v. Robert W. Green, d/b/a Green Construction Company, and Parro Construction Corporation, Rochester, Indiana, and that relators herein be permitted to introduce evidence in support of their

motion to dismiss as defendants in said cause, and that the plaintiff be permitted to introduce evidence in opposition thereto as to his allegation set forth in his complaint that the damage was to personal property and not to an interest in real estate.

The writ of mandate and prohibition heretofore issued is hereby modified accordingly, and the Special Judge of the Gibson Circuit Court is hereby ordered to reassume jurisdiction in the case of W. A. Prowls v. Robert W. Green, d/b/a Green Construction Company, and Parro Construction Corporation, Rochester, Indiana and to permit such evidence to be introduced pertaining to the motion to dismiss, to make his ruling thereon, and to take such further steps as are necessary for the orderly disposition of said litigation.

Achor and Jackson, JJ., concur.

Arterburn, C. J., not participating.

Landis, J., dissents.

NOTE.—Reported in 206 N. E. 2d 135.