**Milton JOSEPHSON, Plaintiff,**

v.

**Julius Y. JOSLIN, Defendant.**
**Civ. No. 1026-64.**

United States District Court
D. New Jersey.
July 7, 1965.

Milton Josephson, Bordentown, N. J., pro se.

Mark E. Litowitz, Asst. U. S. Atty., and Arnold Miller, Atty., Department of Justice, Washington, D. C., for defendant.

LANE, District Judge.

Defendant, an agent of the United States Internal Revenue Service, moves for dismissal of plaintiff's complaint due to a failure to state a claim upon which relief may properly be grounded.

2 Moore's Fed.Prac. ¶ 12.08 at pp. 2245–46, concisely summarizes the

well-established rule governing dismissal under F.R.Civ.P. 12(b) (6):

> " 'A [complaint] may be dismissed on motion if clearly without any merit; and this want of merit may consist in an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim, or in the disclosure of some fact which will necessarily defeat the claim.' But a complaint should not be dismissed for insufficiency *unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.* Pleadings are to be liberally construed. Mere vagueness or lack of detail is not ground for a motion to dismiss, but should be attacked by a motion for a more definite statement."

■ Similarly well established is the pertinent law delimiting the very narrow area in which a federal government official—of any level or echelon—is subject to civil suit. Thus, according to the leading case of Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), such officials enjoy an absolute privilege from civil liability should their questioned activity fall within the delegated scope of their authority.

Regarding the legal meaning of the "scope of authority" concept, the Court in Barr v. Matteo presents several guidelines. First, it quotes with approval the test propounded by Judge Learned Hand in Gregoire v. Biddle, 177 F.2d 579, 581 (2d Cir. 1949):

> " * * * What is meant by saying that the officer must be acting within his power cannot be more than that the occasion must be such as would have justified the act, if he had been using his power for any of the purposes on whose account it was vested in him. * * *"

■ Second, the Supreme Court notes that, "The fact that the action * * *

taken was within the *outer perimeter* of [a] petitioner's line of duty is enough to render the privilege applicable, despite the allegations of malice in the complaint * * *." Barr, 360 U.S. at 575, 79 S.Ct. at 1341 (emphasis added). Thus, "The claim of an unworthy purpose does not destroy the privilege." Tenney v. Brandhove, 341 U.S. 367, 377, 71 S.Ct. 783, 788, 95 L.Ed. 1019 (1951).

Lastly, the Court in Barr observes that the sweep of this immunity protecting all government officials, may vary in any particular case depending upon the rank of the involved employee. "But that is because"—in the Court's words—"the higher the post, the broader the range of responsibilities and duties, and the wider the scope of discretion, it entails. It is not the title of his office but the duties with which the particular officer sought to be made to respond in damages is entrusted—the relation of the act complained of to 'matters committed by law to his control or supervision' * * *." Barr, 360 U.S. at 573, 79 S.Ct. at 1340 (quoting Spalding v. Vilas, 161 U.S. 483, 498, 16 S.Ct. 631, 40 L.Ed. 780 (1896).

■ It is apparent from the above discussion, therefore, that the crux of the "scope of authority" standard is found in the notion of *legal duty*. This *legal duty* concept is further broadened to include all activity even strongly suggestive of, or peripheral to, specific delegated authority. Indeed, it might be said in summary that a factual finding of the mere occasion of a legal duty is presumptive of that duty having been validly undertaken, and, hence, within the actor's scope of power.

■ The allegations of the complaint in essence charge:

(1) That defendant Joslin is an Internal Revenue Agent employed by the United States to examine, among other things, individual federal income tax returns.

(2) That on various occasions said Joslin, as an agent-employee of Internal

Revenue Service, acting alone or in concert with other IRS officials, engaged in willful and malicious harassment of plaintiff, and generally demonstrated an attitude of bad faith, while in the course of examining plaintiff's divers books and records.

On plaintiff's own statement of the facts, and on every conceivable construction of those facts, it is obvious that defendant was operating in pursuit of his statutory duty of inspection. The thrust of plaintiff's charge lies in the presence of malice and bad faith. This, as seen above, is irrelevant. Plaintiff's attempt to equate malice and bad faith to a failure of authority is precisely the rationale overruled by the Barr case.

Here the alleged facts clearly demonstrate the incidence of a legal duty. As such, defendant Joslin was operating within the bounds of his authority and, thus, must be fully extended the privilege of immunity from this suit. This is so, moreover, as to any consultation defendant may have had with other IRS associates by way of preparation for the actual examination in issue.

In reaching this conclusion, it is well to make reference to the philosophy of Barr:

"To be sure, as with any rule of law which attempts to reconcile fundamentally antagonistic social policies, there may be occasional instances of actual injustice which will go unredressed, but we think that price a necessary one to pay for the greater good. And there are of course other sanctions than civil tort suits available to deter the executive official who may be prone to exercise his functions in an unworthy and irresponsible manner." Barr, 360 U.S. at 576, 79 S.Ct. at 1342.

It is to this clear expression of policy that this court is bound. Yet, in granting to the instant defendant—or any government official—the benefits of legal immunity, let it finally be said that this court would in nowise condone any of the herein alleged incidents of misconduct. Should such, in fact, exist to any degree, they are to be condemned and corrected. The court assumes at the very least that the controverted activities will suffer intensive administrative scrutiny.

The motion of defendant is, therefore, granted. A form of order is to be submitted.