JEROME SACKS ET AL. *v.* AMERICAN FLETCHER NATIONAL BANK AND TRUST COMPANY.

[No. 172S2. Filed March 15, 1972. Rehearing denied June 22, 1972.]

*Marvin T. Bornstein,* of Indianapolis, for appellants.

*Sherwood Blue, Blue & Roberts,* of Indianapolis, *John P. Price, Hamill, Price & Carroll,* of Indianapolis, *Karl J. Stipher, Byron P. Hollett, Virgil L. Beeler, Baker & Daniels,* of Indianapolis, *James C. Courtney,* of Indianapolis, for appellees.

HUNTER, J.—This is an appeal from an order of the Marion Circuit Court sustaining the defendants' motions to dismiss and dismissing appellant's second amended complaint. This Court has accepted jurisdiction of this cause by virtue of its having been transferred from the Court of Appeals with the consent of all the parties. The second amended complaint seemingly asserts a stockholder's derivative action alleging deceit and misrepresentation on the part of the defendants. The principal grounds of the defendants' motions to dismiss are that the receiver of the corporation involved had not properly been made a party, leave of the receivership court having been sought and denied, and that the receiver is an indispensable party to this stockholder's derivative action.

The case arose out of a loan transaction between JJS Co.,

Inc. and American Fletcher National Bank and Trust Co. (hereinafter referred to as AFNB). JJS is an Indiana corporation with the appellant Jerome Sacks, Janet Blue, and one of the appellees Sherwood Blue as its only stockholders and directors. The Corporation ran a musical instrument store known as Pearson Music Center. The corporation sought financing and obtained it from AFNB. Appellant alleges that he was assured that the bank would provide continual financing of the venture. Loans were made with appellant and appellee Blue personally guaranteeing them. The loan was not paid at maturity and AFNB refused to renew the loan or to extend additional credit and brought suit to foreclose the security interests it held and for the appointment of a receiver. Appellee Ensley was then appointed the receiver of JJS Co., Inc. by the Superior Court of Marion County.

Appellant then instituted the action in question in the Marion Circuit Court. Appellant had petitioned the Superior Court of Marion County, Room No. 3, for leave to sue Ensley in his capacity as receiver, but the petition was denied. Appellant's second amended complaint essentially asserted a stockholders derivative action charging both Blue and AFNB with misrepresentation, deceit, and breach of fiduciary obligations.

Pleas in abatement were filed by all the appellees to which Sacks filed demurrers. The new Indiana Rules of Procedure then became effective. The trial court sustained the demurrers to the pleas in abatement and ruled the appellees to answer under the new rules within thirty (30) days.

The appellees then filed motions to dismiss pursuant to TR. 12(B), contending a failure to join an indispensable party. Appellant responded by filing motions for judgment against the appellees on the ground that the appellees failed to answer the second amended complaint pursuant to the trial court's rule to answer. The trial court overruled the appellant's motions for judgment. The trial court sustained the appellees' motions to dismiss and dismissed the action. Appellant then

filed a motion to correct errors which was denied and this appeal followed.

Appellant makes several allegations of error. He first contends the motions to dismiss were not properly before the court. Secondly, he claims the trial court should have heard evidence before granting the motions to dismiss. The third contention is that the trial court erred in failing to specify the basis for granting the Motions to Dismiss. The fourth allegation is that it was error to sustain the motions to dismiss. Lastly it is asserted that even if the derivative action was dismissed for failure to join an indispensable party, the entire action could not be dismissed because appellant also had a personal action against the appellees.

Appellant's first contention that the motions to dismiss were not properly before the court has no merit. Appellant claims the motions to dismiss were not responsive to the trial court's "rule to answer." However, the "rule to answer" is satisfied if the one to whom it is directed files any of the pleadings "which are ordinarily submitted after a complaint is filed." *Davis* v. *Thiede* (1965), 138 Ind. App. 537, 544, 203 N. E. 2d 835, 839. Also the acceptance of motions is within the sound discretion of the trial court. See *Davis* v. *Thiede, supra.* If the trial court was willing to accept the motions to dismiss we surely cannot say it was an abuse of discretion to do so.

Appellant's second contention is that the trial court should have heard evidence on the issue before granting the appellees' motions to dismiss. Appellant asserts that if the dismissal is for lack of jurisdiction then the trial court *must* hear evidence, and cites *State, ex rel. Green* v. *Gibson Circuit Court* (1965), 246 Ind. 446, 206 N. E. 2d 135, in support of this proposition. However, in that case there were pertinent unresolved fact issues and the party made a request to introduce evidence. In the case at bar appellant made no effort to seek a hearing. Appellant's only response to the motions to dismiss was to file motions for judgment

asserting the motions to dismiss were not responsive to the trial court's rule to answer. The motions to dismiss were filed in April of 1970 and the court did not rule on them until August of 1970. This would seem a sufficient amount of time for appellant to make any responses he wished. The rules contained no indication that such a hearing is *required*. Certainly if no party seeks a hearing on the issue of a motion to dismiss the judge is not required to conduct one.

Appellant's third allegation is that the trial court erred in not specifying the basis for granting the motions to dismiss. However, the rules make no such requirement and appellant has cited us no authority for such a requirement. Appellant merely contends that it is impossible to ascertain the trial court's basis for sustaining the motions to dismiss if he does not so specify. It seems that appellant made no request of the trial court to specify its reasons. If he had we have no reason to believe the trial court would not have obliged. After the trial court's ruling the appellant made no attempt to seek clarification nor did he seek to amend his complaint. His only action was the filing of a motion to correct errors. Clearly, under the circumstances of this case, the trial court committed no error in failing to specify its reasons for sustaining the motions to dismiss.

Appellant's fourth assertion is that it was error to sustain the motions to dismiss. However, appellees contend there was a failure to join an indispensable party according to TR. 12(B)(7) and TR. 19 when the receivership court denied appellant leave to sue the receiver in another court. A corporation is a necessary party in a derivative suit. See, *Ross* v. *Berhard* (1970), 396 U.S. 531; *Carter* v. *Ford Plate Glass Co.* (1882), 85 Ind. 180. This action is, as appellant admits, at least in part a derivative suit.

> "The corporation is a necessary defendant. In other words, the corporation on behalf of which plaintiffs sue must be made a party defendant so that a decree may appropriately give the corporation the fruit of any recovery by the plaintiffs. The corporation is not merely a proper party, but

is an essential, indispensable party, and the failure to make the corporation a party is not a mere defect of parties but leaves the stockholder without a cause of action and the court without jurisdiction." 13 *Fletcher Cyclopedia Corporations* (Perm. Ed., Revised Vol., 1970), § 5997, p. 456.

If the corporation is in the hands of a receiver at the time of the derivative suit then the receiver, as he represents the corporation, is a necessary party. See *Porter* v. *Sabin* (1893), 149 U.S. 473; *Coyle* v. *Skirvin* (10th Cir. 1942), 124 F. 2d 934, cert. den. 316 U.S. 673; 13 *Fletcher Cyclopedia Corporations* (Perm. Ed., Revised Vol., 1970), § 5999. It is also clear that when one seeks to sue a receiver there is a condition precedent that leave to sue the receiver be obtained from the receivership court. See, *Keen* v. *Breckenridge, Receiver* (1884), 96 Ind. 69; *Malott* v. *State, ex rel. Bd. of Com'rs. of Clay County* (1902), 158 Ind. 678, 64 N. E. 458; *Wayne Pike Co.* v. *State, ex rel. Whitaker* (1893), 134 Ind. 672, 34 N. E. 440; *Peirce* v. *Jones* (1900), 24 Ind. App. 286, 56 N. E. 683. However, this alone is not sufficient to sustain a motion to dismiss. One must also determine whether it is feasible to join the necessary party. See 2 Harvey, *Indiana Practice* 262-265. In the instant case, leave of the receivership court had already been sought and denied. It was thus impossible to join a party necessary for a just adjudication of this cause. Appellant would not be without a remedy as he could bring the derivative action in the receivership court itself.

Appellant's last contention is that, even admitting this is a derivative suit, it was erroneous to sustain the motions to dismiss because the complaint asserted a *personal* cause of action against the appellees as well. This requires an analysis of the complaint as a whole. A personal cause of action arises when there is a breach of a duty owed specially to the stockholder separate and distinct from the duty owed to the corporation. See, *Schaffer* v. *Universal Rundle Corp.* (5th Cir. 1968), 397 F. 2d 893; *Sutter* v. *General Petroleum*

*Corp.* (1946), 28 Cal. 2d 525, 170 P. 2d 898; 13 *Fletcher Cyclopedia Corporations* (Perm. Ed., Revised Vol., 1970) § 5921; Anno. 167 ALR 279. The complaint, in general, asserts a corporate derivative action; however, appellant here also gave a personal guaranty for the corporate loan. It is not clear from the complaint whether appellant is or might become personally liable for the loan but based on *Buschmann* v. *Professional Men's Association* (7th Cir. 1969), 405 F. 2d 659, arising in the Southern District of Indiana, it is clear a personal guaranty for a loan to a corporation can be the basis for a personal cause of action. Motions to Dismiss are not favored in the law. See, *Dann* v. *Studebaker-Packard Corp.* (6th Cir. 1961), 288 F. 2d 201; *Nagler* v. *Admiral Corp.* (2d Cir. 1957), 248 F. 2d 319.

> "It is also elementary that a complaint is not subject to dismissal unless it appears to a certainty that the plaintiff cannot possibly be entitled to relief under any set of facts which could be proved in support of its allegations. Even then, a court ordinarily should not dismiss the complaint except after affording every opportunity to the plaintiff to state a claim upon which relief might be granted." *John Walker & Sons* v. *Tampa Cigar Co.* (5th Cir. 1952), 197 F. 2d 72, 73.

See also, *Byrd* v. *Bates* (5th Cir. 1955), 220 F. 2d 480; *Mandel* v. *Highway and Local Motor Freight Drivers, Etc.* (S.D. N.Y. 1964), 246 F. Supp. 805; *Josephson* v. *Joslin* (D.C. N.J. 1965), 38 F.R.D. 344; 1 Harvey, *Indiana Practice* 605; *Moore's Manual, Federal Practice and Procedure,* § 11.06(1). Therefore, we remand this cause to the trial court with instructions to treat the Motions to Dismiss of appellees Blue and AFNB as Motions for More Definite Statement under TR. 12(E). We affirm the granting of the Motion to Dismiss of the Receiver of JJS Co., Inc. Although appellant cannot maintain a derivative suit in this trial court, he may have a personal cause of action. Appellee AFNB also contends that personal jurisdiction over AFNB was never obtained. However, even assuming this to be true, there has been no showing that juris-

diction could not routinely be obtained (whereas there was such a showing as to JJS Co., Inc.), and this, therefore, should not be a basis for a Motion to Dismiss.

Judgment reversed in part, affirmed in part, and remanded with instructions to proceed in accordance with this opinion.

Arterburn, C.J., Givan and Prentice, JJ., concur; DeBruler, J., not participating.

NOTE.—Reported in 279 N. E. 2d 807.