**STATE of Indiana, ex rel., Kenneth E. BASHAM, and Kenneth E. Basham, Individually, Appellant,**

v.

**MEDICAL LICENSING BOARD OF IN-DIANA, Robert Kopecky, Ernest R. Beaver, James N. Hampton, Bruce C. Brink, Isadore J. Kwitny, Edward L. Hollenberg, John H. Mader, Walter J. Beneville, and John D. Miller, as Members or Past Members of the Medical Licensing Board of Indiana, and Jack F. Crawford, in his capacity as Prosecutor of Lake County, Indiana, State of Indiana, Appellees.**

No. 3–882A188.

Court of Appeals of Indiana, Third District.

July 25, 1983.

Rehearing Denied Sept. 1, 1983.

David M. Hamacher, Hamacher & Hamacher, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Peter C. Americanos, Deputy Atty. Gen., Indianapolis, for appellee Medical Licensing Bd. of Indiana.

Fred L. Mock, Crown Point, for appellee Jack F. Crawford.

STATON, Judge.

In October of 1975, the Medical Licensing Board of Indiana (the Board) denied Kenneth E. Basham's application for a license to practice naprapathy.[1] In June of 1979 Basham filed the present action seeking various remedies in regard to his denied application under 42 U.S.C. §§ 1983–1985. The trial court dismissed Basham's complaint concluding, among other things, that Basham had failed to exhaust the applicable

---

1. Basham defines naprapathy in his brief as a drugless, non-surgical branch of the healing arts. Appellant's Brief at 14. He further defines it in his complaint as:

"A system of specific manipulative therapeutics, based on the theory of interference to nerves, blood vessels, and lymph channels, by pathological soft tissue, such as connective tissue or muscles, with consequent secondary pathology or disfunction resulting therefrom."

administrative review procedure. For brevity and clarity, we have combined most of the issues which Basham presents for our review into the following three dispositive issues:

I. Was it proper to dismiss Basham's complaint because he had failed to exhaust the statutory procedure for review of his denied application?

II. Has Basham demonstrated extraordinary circumstances excepting him from the exhaustion requirement?

III. Was the trial court required to give Basham a hearing before dismissing his complaint?

Affirmed.

## I.

### Failure to Exhaust

Pursuant to Basham's request, the trial court entered findings of fact and conclusions of law. These findings were based on the allegations set forth in Basham's amended complaint and contained the following. On October 30, 1975 the Board sent a letter to Basham indicating that his application had been denied. This letter was postmarked October 31, 1975. Basham waited until February 9, 1976 to request a hearing on the Board's decision. On April 12, 1976 the Board sent Basham a second letter reiterating that his application had been denied. The Board's second letter did not comment on Basham's request for a hearing. In June of 1979 Basham commenced the present action. The trial court dismissed Basham's complaint concluding that Basham had failed to follow the statutory procedure for review of the Board's denial of his application.

The procedure for review of the Board's denial of Basham's application is found in the Administrative Adjudication Act, Ind. Code 4–22–1–1 et seq. (Burns Code Ed., 1982 repl.) (the AAA). Under the AAA, after Basham received notice that his application was denied he had 15 days to file a written request for a hearing with the Board. IC 4–22–1–24. The trial court found that Basham's request for a hearing was late. Further, the trial court found

that Basham had not timely sought judicial review when the Board failed to grant Basham's request for a hearing. Again, Basham had 15 days to seek judicial review after receiving the Board's second letter, which did not grant him a hearing but which simply reiterated that his application had been denied. IC 4–22–1–14.

Basham contends that the trial court erred in concluding that he had not followed the review procedure of the AAA. The Board's letters to Basham were sent by regular mail, not registered or certified mail. Therefore, it was not conclusively established when Basham received the Board's notices. Since the time limits under sections 14 and 24 of the AAA run from when notice is received, Basham asserts that any finding regarding those time limits is unsupported. We disagree.

■ It was reasonable for the trial court to infer that Basham's request for a hearing was late when it was sent more than three months after the date of the Board's first letter to him. As to his failure to seek judicial review, Basham concedes such is a permissible inference from a statement in his complaint that he heard nothing further from the Board after April 12, 1976, the date of the Board's second letter. Appellant's Brief at 38.

Nevertheless, Basham asserts that allowing the trial court to base its dismissal on such reasonable inferences improperly places the burden on him to have alleged facts which would indicate that he had exhausted the administrative review procedure, citing *Thompson v. City of Aurora* (1975), 263 Ind. 187, 325 N.E.2d 839; *Palmer v. State* (1977), 173 Ind.App. 208, 363 N.E.2d 1245; and *Board of Commissioners of Delaware County v. Briggs* (1976), 167 Ind.App. 96, 340 N.E.2d 373. The gist of the holdings in these cases, as pertinent here, is that a plaintiff need not plead compliance with a statutory tort claims notice provision. Presumably, Basham is alleging that the same rule applies with regard to exhaustion of administrative review. However, the cases Basham cites further hold

that failure to give the required notice is a jurisdictional defense which can be asserted in an answer or in a motion under Ind.Rules of Procedure, Trial Rule 12(B). According to these cases, once a defendant has raised such a defense the burden is on the plaintiff to show that he has complied. We believe the same should hold true for Basham.

Once the trial court's jurisdiction over this matter was questioned by a motion to dismiss, it was incumbent upon Basham to show that he had exhausted the statutory procedure for administrative review. Basham did not do this. Indeed, he has never contended that he has exhausted administrative review.

Generally, failure to exhaust the administrative review procedure of the AAA terminates "all rights of recourse to the courts" to the extent that the relief available under the AAA is adequate to protect and preserve the substantive rights of the parties. IC 4–22–1–14; *State, Dept. of Nat. Resources v. Taylor* (1981), Ind. App., 419 N.E.2d 819, 824; *St. Joseph's Hospital, etc. v. Huntington County D.P.W.* (1980), Ind.App., 405 N.E.2d 627, 630; *Thompson v. Medical Licensing Bd.* (1979), Ind.App., 389 N.E.2d 43, 46–48, *reh. denied,* 398 N.E.2d 679, *cert. denied,* 449 U.S. 937, 101 S.Ct. 335, 66 L.Ed.2d 160; *South Bend Fed., etc. v. National Education Ass'n* (1979), Ind.App., 389 N.E.2d 23, 30. To be excepted from this exhaustion requirement Basham must demonstrate extraordinary circumstances which show that his remedy under the AAA is inadequate. *Thompson, supra,* at 48 (quoting *State ex rel. Paynter v. Marion Cty. Superior Court, Room 5* (1976), 264 Ind. 345, 353, 344 N.E.2d 846, 851); *South Bend Fed., etc., supra,* at 30. Absent these extraordinary circumstances, the trial court would have been without jurisdiction over the present action and dismissal would have been proper. *Taylor, supra,* at 824; *Thompson, supra,* at 48; *South Bend Fed., etc., supra,* at 30. Therefore, we next examine Basham's claims that an exception exists to the requirement that he had to exhaust the AAA procedure for administrative review.

## II.

### No Exhaustion Exception

Indiana courts have recognized a number of exceptions to the requirement that a party exhaust the procedure for administrative review prior to bringing an action in a trial court. The exceptions Basham urges are: 1) that a 42 U.S.C. § 1983 action is itself an exception to exhaustion, b) that the Board's actions effectively prevented him from following the AAA procedure for administrative review, and c) that he is excepted from exhaustion because the allegations in his complaint raise constitutional issues.

### a. § 1983 action

Basham did not except himself from the requirement of exhaustion by filing a 42 U.S.C. § 1983 action. This specific issue was decided by Judge Buchanan in his opinion on rehearing in *Thompson, supra.* Basham recognizes the decision in *Thompson* but argues that it must be changed in light of *Patsy v. Board of Regents of the State of Fla.* (1982), 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172. We disagree. *Patsy* merely reiterated the general rule that exhaustion of state administrative remedies is not a prerequisite to bringing a § 1983 action in a federal court. *Thompson* had noted this rule but held that exhaustion was still required in Indiana state courts. *Thompson, supra,* at 680 (opinion on rehearing).

### b. The Board's actions

The Board's actions did not effectively prevent Basham from following the administrative review procedure. Basham asserts that he was unable to timely obtain a hearing because the Board's notice to him telling him that his application had been denied did not tell him of his right to a hearing and of the time limits for perfecting that right. He believes he had a constitutional and statutory right to this type of notice. The cases which he cites in support of his constitutional claim simply hold that procedural due process required that he be

given the opportunity for a hearing by the Board and, if such hearing has been granted, reasonable notice of the time, place, and nature of the hearing. *E.g.s., Willner v. Committee on Character and Fitness* (1963), 373 U.S. 96, 105, 83 S.Ct. 1175, 1181, 10 L.Ed.2d 224; *Milligan v. Board of Registration in Pharmacy* (1965), 348 Mass. 491, 499, 204 N.E.2d 504, 511.

The AAA provided Basham with an opportunity for a hearing. IC 4–22–1–24. It also set forth the procedure for giving Basham reasonable notice of the time, place, and nature of the hearing, had the Board granted a timely request by Basham for a hearing.[2] Contrary to Basham's assertions, the AAA does not require the Board to give Basham notice of his right to a hearing and the time limits for perfecting that right.

■ Basham also maintains that by not granting him a hearing, as he had requested in his letter of February 9, 1976, the Board prevented him from availing himself of judicial review under IC 4–22–1–14. Judicial review under IC 4–22–1–14 may be invoked only if the agency action complained of is a "final order." *South Bend Fed., etc., supra,* at 28. Basham asserts that the Board's denial of his application was not a "final order" because by definition a "final order" is one made after a hearing. In support of his position he cites *State v. McCord* (1963), 243 Ind. 626, 632, 189 N.E.2d 583, 586. We do not read *McCord* so narrowly.

" 'Final order' means an order ending the proceedings, leaving nothing further to be accomplished. *Noeding Trucking Co. v. United States* (D.C.1939) 29 F.Supp. 537. Consequently, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action. *Houk v. Beckley* [ (1955) 161 Neb. 143, 72 N.W.2d 664], *supra.* Generally, judicial review is denied for lack of finality if an action by an administrative agency is only anticipated. Review will also be denied when action has been taken if the matter is still

pending final disposition of interim steps. *Boston & Maine R.R. Co. v. United States* (1958) 358 U.S. 68, 79 S.Ct. 107, 3 L.Ed.2d 34; *Delaware & Hudson Co. v. United States* (1924) 266 U.S. 438, 45 S.Ct. 153, 69 L.Ed. 369."

*Downing v. Board of Zoning Appeals of Whitley Co.* (1971), 149 Ind.App. 687, 691, 274 N.E.2d 542, 544. Obviously, the Board's refusal to grant Basham's request for a hearing ended the proceedings regarding the denial of Basham's application as far as the Board was concerned. If Basham's request for a hearing was timely, the Board's denial of that request was contrary to IC 4–22–1–24 and could have been submitted for judicial review under IC 4–22–1–14. Therefore, assuming *arguendo* that Basham's request for a hearing was timely, the Board's denial of that request did not prevent Basham from seeking judicial review under the AAA.

■ Basham's final argument that the Board's actions provide an exception to exhaustion is that because the Board sent its notices to him by regular mail, and not by registered or certified mail, he would have been unable to establish that his request for a hearing was timely. Basham is correct that the Board was required under the provisions of the AAA to send its notices to Basham by registered or certified mail. However, Basham's mere premonition of prejudice is insufficient to establish that he was actually harmed. As previously set forth, if Basham's request for a hearing was in fact timely he could have sought judicial review of the Board's refusal of that request. We will not presuppose that Basham would not have been granted judicial relief because of his inability to establish, by affidavit or otherwise, that his request for a hearing had been timely. Therefore, although it was error for the Board to send its notice to Basham by regular mail, the error was harmless. *See Dept. of Fin. Instit. v. Colonial Bank & Trust Co.* (1978), 176 Ind.App. 368, 375 N.E.2d 285,

2. The parties disagree whether IC 4–22–1–6 or IC 4–22–1–25 applied regarding notice by the Board. We need not decide this since both

sections required reasonable notice of a hearing granted.

288, *cert. denied,* 439 U.S. 1116, 99 S.Ct. 1022, 59 L.Ed.2d 75.

### c. Constitutional issue

■ The last exhaustion exception urged by Basham is that his complaint alleged a constitutional issue, that the statutory licensing procedure followed by the Board discriminated against naprapaths. Basham argues that the constitutionality of a statute is a purely legal question beyond the expertise of an administrative board. We agree, but we believe Basham could have raised his constitutional issue in a trial court through the judicial review procedure of IC 4–22–1–14.

■ A party may not bypass the administrative review procedure of the AAA simply by raising a constitutional issue in a subsequent independent action. *Evans v. Stanton* (1981), Ind.App., 419 N.E.2d 253, 255; *Taylor, supra,* at 824; *Thompson, supra,* at 47–49. As with the appellant in *Thompson,* Basham has not shown that the review procedure of IC 4–22–1–14 did not provide an adequate legal remedy for the constitutional issue he now raises. *Thompson, supra,* at 49. Therefore, the AAA restricts Basham's access to the courts even though he raises a constitutional claim. *Thompson, supra,* at 47.

Basham has not set forth a compelling exception to the exhaustion requirement. Because he has failed to demonstrate extraordinary circumstances which show that his legal remedy under the AAA is inadequate, his failure to exhaust its administrative review procedure deprived the trial court of jurisdiction over the present action and dismissal was proper.

### III.

### No Hearing Requested

In response to Basham's complaint, the defendants filed a TR. 12(B)(6) motion to dismiss for failure to state a claim and a TR. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction. Basham requested the trial court to make findings of fact and conclusions of law if the trial court decided to dismiss Basham's complaint. Basham then started discovery by filing a request for admissions. The defendants successfully moved to stay discovery until the trial court ruled on their motions to dismiss. Basham unsuccessfully moved to vacate the trial court's order staying discovery. The defendants then moved for a continuance. The trial court granted the continuance and notified the parties that

"The Court, . . . grants the request for a continuance, finds that this matter can be determined on the pleadings and memorandums, and finds that a hearing will not be necessary.

It is therefore, ordered by this Court that the parties submit written memorandums involving the issues raised by the plaintiff's request for admission of acts, the above-named defendants' motion for protective order (requesting a delay in answering the admissions until after a ruling on their motion to dismiss), and plaintiff's motion to strike. Said memorandums are to be filed with this Court, on or before January 8, 1982." (Parentheses original.)

Pursuant to this order, Basham filed his memorandum of law which the trial court took under advisement. Approximately four months later, the trial court granted the defendants' TR. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction.[3]

Basham contends that the trial court was required to conduct a hearing on the defendants' TR. 12(B)(1) motion before it could dismiss his complaint. He bases his

---

**3.** Basham baldly asserts that the trial court went outside of the pleadings and thus treated the motion to dismiss as a motion for summary judgment. *See* TRs. 12(B), 12(C), and 56(C). Basham concludes, therefore, that the trial court's failure to conduct a hearing on the motion is reversible error. *See Otte v. Tessman* (1981), Ind., 426 N.E.2d 660. The record does not indicate that the trial court went outside of the pleadings and we will not presume so. The trial court's findings which support dismissal for lack of jurisdiction are based on the allegations in Basham's complaint. Therefore, we cannot say that the trial court treated the motion to dismiss as a motion for summary judgment.

contention on the language of TR. 12(D) which states:

"(D) Preliminary determination. Whether made in a pleading or by motion, the defenses specifically enumerated (1) to (8) in subdivision (B) of this rule, and the motion for judgment on the pleadings mentioned in subdivision (C) of this rule shall, upon application of any party or by order of court, be determined before trial unless substantial justice requires the court to defer *hearing* until trial." (Emphasis added.)

Basham analogizes his situation to that in *Otte v. Tessman* (1981), Ind., 426 N.E.2d 660, and *Rumfelt v. Himes* (1982), Ind., 438 N.E.2d 980. He asserts that these two cases stand for "a developing concept in Indiana that a complaint should not be finally disposed of without a prior hearing." Appellant's Brief at 58.

In further support of his claim that a hearing is required Basham cites *Cooper v. County Board of Review of Grant Co.* (1971), 150 Ind.App. 232, 276 N.E.2d 533 in which the Court states:

"Federal case law allows affidavits to be filed by the parties where a motion to dismiss for want of subject-matter jurisdiction is before the court. In considering such a motion, unlike a motion to dismiss for failure to state a claim or motion for summary judgment, *the court may weigh the evidence before it to determine the existence or nonexistence of the requisite facts.* (See *Ramirez and Feraud Chili Co. v. Las Palmas Food Co.,* (1956) (D.C.Cal.) 146 F.Supp. 594, aff'd 245 F.2d 874, cert. denied 355 U.S. 927, 78 S.Ct. 384, 2 L.Ed.2d 357. We agree that use of affidavits for this purpose is a necessary aid to the court's decision.

When a trial court is confronted with a motion to dismiss under Rule TR. 12(B)(1), it must, then, decide upon the complaint, the motion, and any affidavits or other evidence submitted whether or not it possesses the authority to further adjudicate the action. In the case before us the subject-matter jurisdiction of the court depends on whether Cooper has

complied with the statutory remedies available—a jurisdictional question. *Monon R.R. Co. v. Citizens of Sherwood Forest Addition, Marion County* [ (1970) Ind. App., 257 N.E.2d 846], *supra; Ballman v. Duffecy* [ (1952) 230 Ind. 220, 102 N.E.2d 646], *supra.*"

*Id.,* Ind.App. at 237, 276 N.E.2d at 536 (emphasis added, footnote omitted). Basham argues that because weighing of evidence is involved a hearing should have been held.

The Indiana Supreme Court addressed this issue in *Sacks v. American Fletcher Nat. Bank & Trust Co.* (1972), 258 Ind. 189, 279 N.E.2d 807. In *Sacks,* Justice Hunter wrote:

"Appellant's second contention is that the trial court should have heard evidence on the issue before granting the appellees' motions to dismiss. Appellant asserts that if the dismissal is for lack of jurisdiction then the trial court *must* hear evidence, and cites *State ex rel. Green v. Gibson Circuit Court* (1965), 246 Ind. 446, 206 N.E.2d 135, in support of this proposition. However, in that case there were pertinent unresolved fact issues and the party made a request to introduce evidence. *In the case at bar appellant made no effort to seek a hearing.* Appellant's only response to the motions to dismiss was to file motions for judgment asserting the motions to dismiss were not responsive to the trial court's rule to answer. The motions to dismiss were filed in April of 1970 and the court did not rule on them until August of 1970. This would seem a sufficient amount of time for appellant to make any responses he wished. *The rules contain no indication that such a hearing is required. Certainly if no party seeks a hearing on the issue of a motion to dismiss the judge is not required to conduct one.*"

*Id.,* Ind. at 192, 279 N.E.2d at 810 (emphasis added). *Sacks* was cited and followed in *DeHart v. Anderson* (1978), 178 Ind.App. 581, 383 N.E.2d 431 in which the Court stated in footnote 3 on 383 N.E.2d page 437, "Since neither Anderson nor DeHart requested one, however, the court was not

required to conduct a hearing." (Citation omitted).

 Thus, because Basham did not request a hearing on the motion to dismiss, the trial court was not required to conduct one.[4]

Affirmed.

HOFFMAN, P.J., and GARRARD, J., concur.

4.  Basham also contended that the trial court erred by not allowing him to obtain a response to his request for admissions prior to ruling on the motion to dismiss.  However, Basham did not show how this purported error prejudiced him.  For example, he did not maintain that likely admissions would show that the trial court had jurisdiction.