**Dora BOWMAN, R.N., Appellant–Petitioner,**

v.

**INDIANA STATE BOARD OF NURSING, Appellee–Respondent.**

No. 49A02–9506–CV–320.

Court of Appeals of Indiana.

April 25, 1996.

Steven H. Johnsonbaugh, Indianapolis, for Appellant.

Pamela Carter, Attorney General, Lisa M. Paunicka, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

BAKER, Judge.

Appellant-petitioner Dora Bowman, R.N., appeals the trial court's order dismissing her petition seeking judicial review of the Indiana State Board of Nursing's (Board) order reinstating her nursing license.

### FACTS

Bowman is a registered nurse licensed by the State of Indiana to practice nursing. On March 17, 1994, the Board held an ex parte emergency hearing regarding Bowman's nursing license. At the hearing, the State presented the affidavit of David Cox, R.N., the Director of Special Care Services at Northwest Family Hospital, in which Cox opined that Bowman had tampered with and diverted medication at the Northwest Family Hospital. Pursuant to this evidence, the Board issued an emergency order on March 22, 1994, suspending Bowman's nursing license. The Board also ordered Bowman to see Dr. Alfonso Holiday for a complete addictionology examination, which Dr. Holiday performed on May 4, 1994.

Following its suspension of Bowman's license, the Board held a hearing on June 16, 1994, to determine whether the emergency suspension should continue. At the hearing, the Board took judicial notice of Dr. Holiday's report, in which he concluded that there were no subjective or objective findings to indicate that Bowman was either a drug abuser or drug dependent. The Board also heard testimony from Cox and Cynthia Cook, R.N., who both opined that Bowman had tampered with and diverted medication. In addition, the Board heard testimony from Bowman, who denied the allegations against her. Following the hearing, the Board determined that the State had failed to prove its case against Bowman and voted to terminate the emergency suspension of Bowman's license. On August 1, 1994, the Board issued a nunc pro tunc order, dated retroactively to June 16, 1994, which contained written findings of fact and conclusions of law in support of its termination of the emergency suspension of Bowman's license.

Thereafter, on August 11, 1994, Bowman filed a motion to correct clerical mistake or other error, challenging the Board's Finding of Fact No. 17 which provided:

The Board makes no finding concerning or [sic] whether or not [Bowman] tampered with medications at Northwest Family Hospital.

Record at 308. Specifically, Bowman argued that it was implicit in the Board's order terminating her suspension that she did not tamper with or divert medication at the hospital. R. at 313. The Board denied Bowman's motion on September 6, 1994. Bowman subsequently filed a petition with the trial court on October 11, 1994, seeking judicial review of the Board's September 6, 1994, order. In response, the Board filed a motion to dismiss alleging that Bowman had failed to file her petition for judicial review within thirty days of receiving the Board's findings of fact and conclusions of law as required by IND.CODE § 4–21.5–5–5. R. at 60. The Board further alleged that Bowman had failed to exhaust her administrative remedies as required by IND.CODE § 4–21.5–5–4(a). R. at 60. Following a hearing, the trial court summarily granted the Board's motion to dismiss on February 13, 1995.

## DISCUSSION AND DECISION

■ Bowman contends that the trial court erred in dismissing her petition for judicial review. Judicial review of agency actions is achieved exclusively through compliance with the procedures of the Administrative Adjudication Act (AAA). *Rambo v. Cohen,* 587 N.E.2d 140, 144 (Ind.Ct.App. 1992), *trans. denied;* IND.CODE § 4–21.5–5–1. For example, judicial review under the AAA may be invoked only if the agency action complained of is a final order. *State ex rel. Basham v. Medical Licensing Bd. of Indiana,* 451 N.E.2d 691, 695 (Ind.Ct.App. 1983). A final order is an order that ends the proceedings and leaves nothing further to be accomplished. *Id.* (citing *State ex rel. Calumet Nat. Bank of Hammond v. McCord,* 243 Ind. 626, 632, 189 N.E.2d 583, 586 (Ind. 1963)). Consequently, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action. *Id.* Here, Bowman concedes

that the Board's August 1, 1994, order "brought an end to the summary suspension of [her] license and a conclusion to the ... proceeding that was initiated against her on March 17." Appellant's Brief at 12. Although Bowman maintains that the Board's Finding of Fact No. 17 could lead to further disciplinary action against her, anticipated disciplinary action does not affect the finality of the Board's order. Therefore, because the Board's August 1, 1994, order ending the emergency suspension of her license left nothing further to be accomplished, it was a final order subject to judicial review.

■ Next, we must determine whether Bowman, in filing her petition for judicial review, complied with the procedures of the AAA. Pursuant to IND.CODE § 4–21.5–5–3(4), a person aggrieved or adversely affected by agency action may appeal that action by filing a petition for judicial review. A petition for judicial review must be filed within thirty (30) days after receiving notice of the agency action. IND.CODE § 4–21.5–5–5. Failure to comply with this statutory mandate is jurisdictional. *State v. Van Ulzen,* 456 N.E.2d 459, 464 (Ind.Ct.App.1983). The provisions as to time are mandatory, and are conditions precedent to a court acquiring jurisdiction where an appeal or review is sought from an administrative order or determination. *Id.* In the instant case, Bowman filed her petition for judicial review on October 11, 1994, more than 2 months after she was served with a copy of the Board's August 1, 1994, order ending the suspension of her license. Although Bowman filed a motion to correct clerical mistake or other error on August 11, 1994, this motion did not toll the time period for filing a petition for judicial review. IND.CODE § 4–21.5–3–31(e). Specifically, I.C. § 4–21.5–3–31(e) provides:

An action of a petitioning party or an agency under this section neither tolls the period in which a party may object to a second agency under section 30 of this chapter nor tolls the period in which a party may petition for judicial review under IC 4–21.5–5.

Thus, Bowman's petition was not timely filed. In response, Bowman argues that she was required, pursuant to the AAA, to file a motion to correct clerical mistake or other error to exhaust her administrative remedies, and thus, the 30 day time period should not have begun to run until her motion was denied. We cannot agree. As we stated above, the Board's August 1, 1994, order was a final order subject to judicial review. Although Bowman had the option of filing a motion to correct clerical mistake or other error rather than a petition for judicial review, I.C. § 4–21.5–3–31(e) makes it clear that filing a motion does not alter the time limits for filing a petition for judicial review. As a result, a motion to correct clerical mistake or other error could not be viewed as an exhaustion requirement. Therefore, because Bowman's petition for judicial review was filed more than 30 days after she received notice of the Board's order, the trial court properly dismissed Bowman's complaint for lack of jurisdiction.[1]

Judgment affirmed.

ROBERTSON, J., concurs.

CHEZEM, J., concurs in result.

---

1. We reject Bowman's argument that I.C. § 4–21.5–3–31(e) creates such uncertainty and confusion that would permit us, pursuant to *Frum v. Little Calumet River Basin Development Comm.,* 506 N.E.2d 492 (Ind.Ct.App.1987), to invoke our inherent discretionary power to entertain the merits of her appeal.