**HILE et al., Appellants,**

v.

**FIRMIN, SPRAGUE & HUFFMAN CO., L.P.A. et al. Appellees.**

[Cite as *Hile v. Firmin, Sprague & Huffman
Co., L.P.A.* (1991), 71 Ohio App.3d 838.]

Court of Appeals of Ohio,
Hancock County.

No. 5-89-16.

Decided April 9, 1991.

*Bernard Bauer,* for appellants.

*Robert J. Gilmer,* for appellee.

---

HADLEY, Judge.

This is an appeal from a decision by the Common Pleas Court of Hancock County, Ohio, in which a summary judgment was granted in favor of defendants-appellees, Firmin, Sprague & Huffman Co., L.P.A., Douglas W. Huffman, and Stephen A. Roepke (hereinafter "attorneys"). Plaintiffs-appellants, Darwin E. Hile, John M. Uncapher, and Vernon H. Deerhake (hereinafter "directors"), were officers and directors of Blanchard Valley Supply Company (hereinafter "Blanchard"), a corporation which has since been liquidated.

Directors brought a legal malpractice suit against attorneys, alleging that attorneys "negligently failed to properly and skillfully advise plaintiffs respecting their potential liability for the failure of Blanchard Valley Supply Company to file returns and remit sales taxes due the State of Ohio." Following oral arguments on a motion for summary judgment by attorneys, the trial court granted summary judgment on the basis that no attorney-client relationship existed between directors and attorneys and because directors were not in privity with the corporation.

Attorneys were retained as corporate counsel for Blanchard in 1981 to assist in exploring the opportunities for the sale of the business. After a failed attempt to reorganize under Chapter 11 of the Bankruptcy Code, it was decided that the corporation undergo a Chapter 7 liquidation. Attorneys represented Blanchard throughout these proceedings.

On December 6, 1985, the Ohio Department of Taxation issued a notice of assessment against directors in the amount of $24,191.16 for unpaid sales

taxes, interest, and penalties. This assessment was made pursuant to R.C. 5739.33, which provides:

"If any corporation required to file returns and to remit tax due to the state under the provisions of sections 5739.01 to 5739.31, inclusive, of the Revised Code, fails for any reason to make such filing or payment, any of its officers, or employees having control or supervision of or charged with the responsibility of filing returns and making payments, shall be personally liable for such failure. The dissolution of a corporation shall not discharge an officer's or employee's liability for a prior failure of the corporation to file returns or remit tax due. The sum due for such liability may be collected by assessment in the manner provided in section 5739.13 of the Revised Code."

In their depositions, attorneys admitted they knew that directors would be liable under R.C. 5739.33 for any unpaid sales taxes. Directors claim that attorneys should have notified them of this possible liability so that directors could have obtained their own counsel to protect their individual interests.

It should be noted at this point that appellants Darwin Hile and John Uncapher have been relieved of their tax liability pursuant to their successful appeal to the Ohio Supreme Court. See *Hile v. Limbach* (1989), 44 Ohio St.3d 197, 542 N.E.2d 651. However, Vernon Deerhake did not properly comply with the statutory requirement for appeals from the Board of Tax Appeals nor did he file a timely notice of appeal of the board's decision. Thus, the Ohio Supreme Court dismissed his appeal and his tax liability remains. See *Deerhake v. Limbach* (1989), 47 Ohio St.3d 44, 546 N.E.2d 1327.

Following the trial court's summary judgment in favor of attorneys, directors make the following assignment of error:

"The trial judge committed error, prejudicial to the plaintiffs, by granting the defendants' motion for summary judgment in this action."

In Ohio, to establish a cause of action for legal malpractice, it is necessary to show the following:

"(1) an attorney-client relationship giving rise to a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach." (Citations omitted in part.) *Krahn v. Kinney* (1989), 43 Ohio St.3d 103, 105 [538 N.E.2d 1058, 1060], citing *McInnis v. Hyatt Legal Clinics* (1984), 10 Ohio St.3d 112, 10 OBR 437, 461 N.E.2d 1295.

In *Scholler v. Scholler* (1984), 10 Ohio St.3d 98, 10 OBR 426, 462 N.E.2d 158, syllabus, the Ohio Supreme Court held that:

"An attorney is immune from liability to third persons arising from his performance as an attorney in good faith on behalf of, and with the knowl-

edge of his client, unless such third person is in privity with the client or the attorney acts maliciously."

This rule was upheld in *Simon v. Zipperstein* (1987), 32 Ohio St.3d 74, 76, 512 N.E.2d 636, 638, where the court stated that:

"The rationale for this posture is clear: the obligation of an attorney is to direct his attention to the needs of the client, not to the needs of a third party not in privity with the client."

Thus, it must be determined whether an attorney-client relationship existed between attorneys and directors, or, if not, whether directors were in privity with Blanchard.

It was admitted in the depositions of all three directors, Vernon Deerhake, Darwin Hile, and John Uncapher, that attorneys were hired only as corporate counsel and were not retained in any way as their personal attorney. From these admissions, it can be concluded that no attorney-client relationship existed between attorneys and directors and that attorneys' sole responsibility was to advise the corporation. See, also, *U.S. Industries, Inc. v. Goldman* (S.D.N.Y.1976), 421 F.Supp. 7, where it was held that no attorney-client relationship existed between the corporation's attorneys and the corporation's directors.

Under *Scholler, supra,* it must next be determined whether directors were in privity with Blanchard. Although corporate directors have a fiduciary relationship with the corporation, their interests are not always identical. As such, the corporate attorney must direct his attention to the interests of the corporation. In *Humphrey ex rel. State v. McLaren* (Minn.1987), 402 N.W.2d 535, the court considered the argument that due to the previous relationship with the officers of a corporation, the attorney for the corporation could not subsequently bring suit on behalf of the corporation against officers or employees of the corporation. The following was held:

"Ordinarily, the attorney representing a corporation or other organization has no conflict of interest in representing the corporation against the officer or employee on a corporate matter. The attorney's allegiance is to the organization." *Id.* at 540.

From this holding, it is apparent that a corporation's interests are not always the same as the individual director or officer. There are always going to be conflicts and differences in interests between the directors of a corporation and the corporation itself. It is these differences, no doubt, which prompted the drafters of the EC 5–18 of the Code of Professional Responsibility to provide the following:

"A lawyer employed or retained by a corporation or similar entity owes his allegiance to the entity and not to a stockholder, director, officer, employee, representative, or other person connected with the entity. In advising the entity, a lawyer should keep paramount its interests and his professional judgment should not be influenced by the personal desires of any person or organization."

In the absence of applicable Ohio law, appellants cite *Collins v. Fitzwater* (1977), 277 Ore. 401, 560 P.2d 1074, as a case directly on point for the authority that corporate counsel owes a duty to members of the board in addition to the duty to the corporation. Although we note such decision is not binding on Ohio courts, we think it is distinguishable from the case at hand and will deal with it accordingly. In *Collins*, pursuant to a board-approved financing plan, corporate counsel drafted interest-bearing promissory notes. The corporation later became insolvent, at which time purchasers of the notes brought actions against the corporation and its directors. It was subsequently determined that the notes drawn up by corporate counsel were actually securities which had been sold without proper registration. As a result of the negligent drafting of these "notes," the directors were jointly and severally liable for damages to the purchasers. The directors brought suit against the corporate counsel for malpractice. The Supreme Court of Oregon affirmed the trial court's finding that the defendant corporate counsel had been negligent in failing to determine that the notes were securities which needed to be registered and in failing to advise the directors that they could incur liability if unregistered securities were sold. *Id.* at 404, 560 P.2d at 1076. Appellants point to the following language from *Collins* in support of their contention that corporate counsel owes a duty to the directors:

"As a member of the bar and attorney for the corporation, defendant had a legal duty to the corporation and to the other members of the board to determine whether the notes he drafted were subject to the provisions of ORS Chapter 59 and were required to be registered before sale." *Id.* at 406, 560 P.2d at 1077.

As mentioned, however, this court finds a distinction between the facts in *Collins, supra,* and those in the case at hand. In *Collins*, the defendant corporate attorney owed a duty to the corporation to draft promissory notes, and his negligence in performing this duty proximately caused the damages claimed by the directors. There was privity of interest between the corporation and the directors on this matter. The same cannot be said in the case at hand. The attorneys did not act negligently in their relationship with the corporation. The negligence alleged is separate from their duty to the

corporation and, as such, cannot be imputed upon them absent an individual attorney-client relationship between attorneys and directors.

Without either an attorney-client relationship between directors and attorneys or privity between directors and Blanchard on the matter involved, appellants' assignment of error is not well taken. Accordingly, the summary judgment granted by the Common Pleas Court of Hancock County, Ohio, is affirmed.

*Judgment affirmed.*

EVANS and SHAW, JJ., concur.