WESTON ET AL., APPELLANTS AND CROSS-APPELLEES, *v.* WESTON
PAPER AND MANUFACTURING COMPANY; TURNER ET AL.,
APPELLEES AND CROSS-APPELLANTS.

[Cite as *Weston v. Weston Paper & Mfg. Co.* (1996), 74 Ohio St.3d 377.]

(No. 94–1327—Submitted October 24, 1995—Decided January 24, 1996.)

*Murray & Murray Co., L.P.A., John T. Murray, Dennis E. Murray, Jr., Dennis E. Murray, Sr.,* and *David D. Yeagley,* for appellants and cross-appellees.

*Bieser, Greer & Landis* and *David C. Greer,* for appellees and cross-appellants Edward T. Turner, Jr., Paul H. Granzow and Ruel F. Burns, Jr.

*Coolidge, Wall, Womsley & Lombard Co., L.P.A., Roger J. Makley* and *Janice M. Paulus,* for appellee and cross-appellant Corporate Finance & Investment Studies, Inc.

WRIGHT, J.  Appellants urge that they be allowed to maintain a direct action against appellees and the directors.  To permit this, they urge an extension of the holding in *Crosby v. Beam* (1989), 47 Ohio St.3d 105, 548 N.E.2d 217.  For the reasons set forth, we find that this case, if indeed there has ever been a case, should have been filed as a derivative action pursuant to Civ.R. 23.1.

Civ.R. 23.1 establishes the requirements for maintaining a shareholders' derivative action.  Specifically, complaining shareholders must (1) spell out the efforts made to have the directors or the other shareholders take the action demanded, (2) explain why they failed in this effort or did not make it, and (3) show that they "fairly and adequately" represent the interests of other shareholders "similarly situated."  Appellants meet none of these criteria on the basis of their complaint. Little wonder that the Westons argue for a direct action by extending *Crosby v. Beam* to reach these facts, since they clearly did not meet the requirements of Civ.R. 23.1.

We hold that the Westons do not have a direct cause of action under *Crosby* for the simple reason that Weston Paper is not a close corporation as was the case in *Crosby*.  There was only a handful of shareholders in *Crosby*.  Weston Paper has about one hundred shareholders and in March 1991 had 361,533 shares of outstanding stock.  Moreover, every other shareholder is situated similarly to appellants and could bring the same action.  As we noted in *Crosby*, "if the complaining shareholder is injured in a way that is separate and distinct from an injury to the corporation, then the complaining shareholder has a direct action." *Crosby*, 47 Ohio St.3d at 107, 548 N.E.2d at 219.  While such a separate and distinct injury was alleged, the Westons have been unable to provide any evidence of it.  None of the damage they claim is unique to them.  If any injuries occurred, they occurred to all the other shareholders alike.  That is precisely the situation in which derivative actions are required.

The action against CFIS must be derivative, because the claim against CFIS is that it contributed to the same damages caused by the directors and the action against the directors must be derivative.  The rule for this situation is found in *Adair v. Wozniak* (1986), 23 Ohio St.3d 174, 23 OBR 339, 492 N.E.2d 426, syllabus, where this court held that:

"A plaintiff-shareholder does not have an independent cause of action where there is no showing that he has been injured in any capacity other than in common with all other shareholders as a consequence of the wrongful actions of a third party directed towards the corporation."

While we find no injury arising from the conduct of CFIS, we hold that if there had been, an action for recovery would have had to have been derivative in nature.

Our holding on the threshold issue of whether the action could be brought as a direct action rather than a derivative action renders the cross-appeal moot.

The decision of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., RESNICK, PFEIFER and COOK, JJ., concur.

DOUGLAS and F.E. SWEENEY, JJ., dissent.