OPINION
Appellants Antioch Baptist Church, et al., appeal a summary judgment of the Stark County Common Pleas Court dismissing their complaint against appellees, Richard Jordan, et al.:
ASSIGNMENT OF ERROR:
 THE LOWER COURT ERRED IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT.
ON August 6, 1994, appellee Reverend Richard Jordan entered into a contract with the Board of Trustees and the Deacon Board of appellant Antioch Baptist Church to serve as Pastor of the church. Thereafter, problems arose in the church. Some members believed that Reverend Jordan was securing raises and other financial benefits beyond the scope of his contract, causing the church to encounter financial difficulties. A group of church members filed the instant action on April 24, 1998, alleging that Reverend Jordan and the Board of Trustees had breached fiduciary obligations by expending funds without propr authority, and by denying appellants access to the corporate records of the church. The complaint sought review of the corporation records by the members of the church, and repayment of money disbursed without proper authority. The complaint further alleged that the Board of Trustees was not properly elected in accordance with the bylaws of the church, yet continued to spend money without proper election or authorization. Appellees filed a Motion for Summary Judgment, alleging that appellants' complaint should be dismissed for failing to comply with the pleading requirements found in Civ.R. 23.1, concerning a derivative lawsuit. Thereafter, appellants filed an amended complaint, setting forth the same causes of action and prayer for relief, but adding ninety-nine individual plaintiffs. The court granted the motion for summary judgment, finding that the complaint did not comply with the requirements of Civ.R. 23.1. The court accordingly dismissed the complaint. Both appellants and appellees have used an incorrect case number on their briefs. An early appeal filed from a partial summary judgment entry was given the Case No. 1998CA00240. The appeal from the entry dismissing the lawsuit pursuant to Civ.R. 23.1 was given the Case No. 1998CA00258. However, all parties have filed their briefs concerning the issues assigned Case No. 1998CA00258, under the Case No. 1998CA00240. Accordingly, both briefs are deemed amended to change the case number from 1998CA00240 to 1998CA00258. This appeal will concern itself solely with the issues raised as to the September 9, 1998 judgment of the court. Case No. 1998CA00240, concerning the judgment dated August 24, 1998, will be decided when it proceeds through the proper channels in this court. In addition, appellants have filed a Supplemental Brief, bearing Case No. 1998CA00240, which addresses the issues in the August 24, 1998 judgment. The case number on this Brief will not be deemed amended, and we will not consider these issues in the instant appeal. The issues concerned in that Brief will be considered with the appeal in Case No. 1998CA00240, from the August 24, 1998 judgment of the Stark County Common Pleas Court. I. Appellants argue that the instant action is not a derivitive action, as the church was not incorporated on the day the alleged injuries occurred. The evidence before the court on summary judgment reflects that the Secretary of State issued a certificate on July 22, 1998, stating that the church was incorporated as a non-profit corporation in good standing as of that date, and the church had been incorporated on October 23, 1946. In the response to appellees' summary judgment motion, appellants maintained that the corporate status lapsed for failed to file a statement of continued corporate existence on September 13, 1991, and was not reinstated to its corporate status until July 22, 1998. Appellants claimed that the parties stipulated to the lapse of corporate status at the August 5, 1998 hearing. However, there is no record of this hearing, and there is no evidence in the record to demonstrate that corporate status had lapsed. In any event, all parties agree that the corporate status did lapse in September of 1991. When an entity has been incorporated pursuant to all requirements of law regarding corporation, the entity is known as a de jure corporation. Where the charter powers of a corporation are canceled for failure to make necessary reports and pay taxes, and the corporation is later reinstated by complying with statutory requirements, the corporation is de facto during the time between such cancellation and reinstatement, and maintains its corporate capacity for purposes of suing, being sued, and making contractual commitments. Hines vs. Board of Education of the Cleveland City School District (1985), 26 Ohio Misc.2d 15, 18, citing I. J. Goldstein Company vs. Mitchell (1921), 14 Ohio App. 231. In the instant case, the church continued to operate without question from the Secretary of State during the time where the parties claim its corporate status technically lapsed. The church was operating as a def facto non-profit corporation during this time period, and appellants cannot now challenge its corporate status. More importantly, the action in the instant case is clearly derivative in nature. An action is considered to be derivative in nature when the alleged injury is suffered in common by all of the members, and is the consequence of wrongs directed against a corporation. Weston vs. Weston Paper and Manufacturing Company (1976), 74 Ohio St.3d 377. An action is not derivative, and may be maintained by a member directly, only if the complaining member is injured in a way that is separate and distinct from an injury to the corporation and to its members collectively. Crosby vs. Beam (1989), 47 Ohio St.3d 105, 107. The allegations in the instant case do not allege harm separate and distinct to each of the individual appellants. The claims for relief specifically state injury to the church and to all of its members alike. The complaint and amended complaint allege that Pastor Jordan, the Board of Deacons, and the Board of Trustees: (1) denied the church members access to certain corporate records, (2) breached the fiduciary duties to the church members through disbursing funds without proper authority as set out in the church bylaws, and (3) failed to properly hold an election in accordance with the church bylaws for the members of a new church Board of Trustees. As these actions are clearly claims of injury to the church as a whole and to each of its members alike, the action is derivative in nature. Pursuant to Civ.R. 23.1, there are specific allegations which must be stated in the complaint in order to maintain a derivative cause of action. The complaint must be verified. A plaintiff shall specifically set forth in the complaint to have been a shareholder both at the time of the alleged harm, and at the time when the action is brought. The rule requires that a demand must have been made to the Board of Directors, and if necessary, to the shareholders, before a derivative action may be maintained. The complaint, therefore, must alleged with particularity the efforts undertaken in attempt to obtain the desired action from the Board of Directors, the reasons why such efforts failed, or the reasons why such demand prior to the lawsuit would be futile. In addition, the derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interest of the shareholders similarly situated in enforcing the right of the corporation. The complaint in the instant case did not comply with Civ.R. 23.1. The court, therefore, did not err in dismissing the complaint on summary judgment. The Assignment of Error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By:
Reader, V.J. Gwin, P. J. and Hoffman, J. concur.