{¶ 11} I respectfully dissent from the majority opinion for the following reasons.
 {¶ 12} Maloof argues that Adair v. Wozniak (1986),23 Ohio St.3d 174, 492 N.E.2d 426, is inapposite and the trial court, therefore, erred in applying it as a basis for dismissing his complaint. I agree and would reverse the judgment of the trial court.
 {¶ 13} In order to prevail on a Civ.R. 12(B)(6) motion, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recover. A court is confined to the averments set forth in the complaint and cannot consider outside evidentiary materials. Greeley v. Miami Valley Maintenance Contrs. Inc. (1990),49 Ohio St.3d 228, 551 N.E.2d 981; State ex rel. Plaza Interiors v. Cityof Warrensville Heights, (May 24, 2001), Cuyahoga App. No. 78267;Wickliffe Country Place v. Kovacs, 146 Ohio App.3d 293, 2001-Ohio-4302,765 N.E.2d 975; Frost v. Ford, (July 12, 2001), Franklin App. No. 00AP-1205. Moreover, a court must presume that all factual allegations set forth in the complaint are true and must make all reasonable inferences in favor of the nonmoving party. Mitchell v. Lawson Milk Co.
(1988), 40 Ohio St.3d 190, 532 N.E.2d 753; Kennedy v. Heckard, Cuyahoga App. No. 80234, 2002-Ohio-6805.
 {¶ 14} When reviewing a judgment granting a Civ.R. 12(B)(6) motion, an appellate court must independently review the complaint to determine whether dismissal was appropriate. Decisions on Civ.R. 12(B)(6) motions are not findings of fact, but are rather conclusions of law.State ex. rel. Drake v. Athens Cty. Bd. of Elections (1988),39 Ohio St.3d 40, 528 N.E.2d 1253. An appellate court need not defer to the trial court's decision in Civ.R. 12(B)(6) cases. McGlone v. Grimshaw
(1993), 86 Ohio App.3d 279, 620 N.E.2d 935, citing Athens Cty. Bd. OfElections.
 {¶ 15} In the case at bar, the court erred under Civ.R. 12(B)(6) in two ways: it ignored certain allegations in the complaint that prevent reliance upon the Adair case, and it failed to convert the motion to dismiss to a motion for summary judgment. These errors suffice to reverse the lower court's order granting defendants' 12(B)(6) motion.
 {¶ 16} The caption of the complaint in this case lists "William H. Maloof," 12550 Lake Avenue, Lakewood, Ohio 44107, as the plaintiff. The Lake Avenue address does not coincide with the business address of either Level Propane Gases, Inc., which is described as having "headquarters in Westlake, Ohio" or Park Place, Inc.,[2] "an airport parking facility." At paragraph 1 of the complaint the plaintiff is identified as "William H. Maloof." There is no corporate designation following Maloof's name
 {¶ 17} Paragraph 7 of the complaint states, "Both defendants have represented plaintiff in substantially all of his legal affairs for over ten years that require outside counsel." (Emphasis added.)
 {¶ 18} Paragraph 8 includes an averment that defendants "wrote those several contracts used by the plaintiff to conduct his business." (Emphasis added.)
 {¶ 19} Paragraphs 10 and 12 of the complaint state, "Plaintiff has suffered the loss of his business." (Emphasis added.) Paragraph 12 also states that plaintiff "has incurred legal expenses to protect himself
against creditors enforcing personal guarantees." (Emphasis added.)
 {¶ 20} Admittedly, Maloof also describes himself as the "President" and "sole owner" of both Level Propane Gases, Inc. and Park Place, Inc. He says that defendants "served as lawyers for PlaintiffLevel Propane Gases, Inc., and various affiliated enterprises for over a decade. He refers to defendants' failure to exercise due care in the representation of their "corporate clients."
 {¶ 21} The statement in the complaint, however, that "defendants represented plaintiff in substantially all of his legal affairs for over ten years that require outside counsel," along with the complaint's caption that lists only Maloof as the plaintiff, sufficiently alleges a proper basis of his standing to sue defendants. The majority, however, looking only at the complaint, states: "* * * Barry and Squire, Sanders were acting as counsel for the corporation and not for Maloof * * *." The complaint contradicts such a crucial finding of fact. At the least, there remain genuine issues of material fact. I admit it is not clear as to how many capacities the plaintiff is suing in or whether the alleged harm belong both to Maloof and the corporation. It is not, however "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recover." Civ.R. 12(B)(6).
 {¶ 22} Further, Adair, supra, does not apply in this case. UnderAdair, if an action asserts that a wrong has been committed against a corporation by a third party, only the corporation, and not the shareholders, can complain of the injury sustained by, or a wrong done to, the corporation. Alternatively, if a complaining shareholder asserts that he has been injured in a way that is separate and distinct from an injury to the corporation, he may bring a direct action. Weston v. WestonPaper Mfg. Co. (1996), 74 Ohio St.3d 377, 658 N.E.2d 1058, citingCrosby v. Beam (1989), 47 Ohio St.3d 105, 548 N.E.2d 217 followingAdair, supra. A shareholder derivative action does not lie when the injury to the shareholders is direct. Boedeker v. Rogers (2000),140 Ohio App.3d 11, 21, 746 N.E.2d 625, following Adair, supra. However, "[a]shareholder's direct claim differs from a shareholder's derivative claim because the shareholder's injury in the direct claim is personal, separate, and distinct from that otherwise suffered in common by the corporation and its other shareholders. There can be little doubt that an individual shareholder suffering such a personal, separate, and distinct injury is the real party in interest to assert such a claim." Id. at140 Ohio App.3d 27.
 {¶ 23} A shareholder may maintain an action in the shareholder's own right against a third party when the injury results from a violation of a "`special duty,' namely the duty which created a cause of action in favor of the shareholder as an individual; however, a shareholder may bring such an action only when that duty originated from circumstances independent of the shareholder's status as a shareholder. * * * Recovery is available, naturally, when the defendant owes an individual shareholder, creditor, or guarantor a special duty[.]" Emerson v. BankOne, Akron, N.A., Summit County App. No. 20555, 2001-Ohio-1765, 2001 Ohio App. LEXIS 5075 at *4, following Adair, supra., and quoting Taha v.Engstrand (C.A. 8, 1993) 987 F.2d 505, 507.
 {¶ 24} Adair distinguishes Buschmann v. Professional Men's Assn.
(7th Cir. 1969), 405 F.2d 659, in which the plaintiff acquired standing "because of the existence of a separate contract between himself and the defendant corporation." Id., at 177. The question is whether a separate contract existed between Maloof and defendants. Maloof's affidavit specifies defendants "were his personal and corporate attorneys." From that averment an inference can be drawn that defendants, as his "personal" attorneys had a separate duty to him. Defendants do not rebut this averment.
 {¶ 25} Adair also distinguishes Sacks v. American Fletcher Natl.Bank Trust Co. (1972), 258 Ind. 189, 279 N.E.2d 807, "in which the plaintiff brought a personal cause of action based on a loan to the corporation for which he gave a personal guaranty." In both Sacks andBuschmann, the Supreme Court of Ohio explained, "the harm that the plaintiffs alleged was different in kind than that suffered by the corporations and arose from the plaintiffs' direct contractual relationship with the defendants." Id. In Adair, however, the harm plaintiff complained of arose only indirectly through the harm to the corporation; plaintiff did not transact business with defendants directly.[3]
 {¶ 26} In the case at bar, however, the complaint suggests that the harm Maloof has suffered is personal to him as an individual and arises from his contractual relationship with defendants, rather than his company's contractual relationship with them. There are, admittedly, other statements referring to a violation of a legal duty to the corporation. That Maloof presents other contractual relationships, however, does not in itself defeat his personal claim.
 {¶ 27} The Code of Professional Responsibility has defined the lawyer's duty of allegiance regarding corporations, officers, and stockholders:
"A lawyer employed or retained by a corporation or similar entity owes his allegiance to the entity and not to a stockholder, director, officer, employee, representative, or other person connected with the entity. In advising the entity, a lawyer should keep paramount its interests and his professional judgment should not be influenced by the personal desires of any person or organization. Occasionally a lawyer for an entity is requested by a stockholder, director, officer, employee, representative, or other person connected with the entity to represent him in an individual capacity; in such case the lawyer may serve the individual only if the lawyer is convinced that differing interests are not present."
 {¶ 28} EC 5-18; See also Sayyah v. Cutrell (2001),143 Ohio App.3d 102, 111, 757 N.E.2d 779; Depugh v. Sladoje (1996),111 Ohio App.3d 675, 676 N.E.2d 1231. In a claim for legal malpractice, a corporation's interests are not always the same as an individual officer or shareholder. Hile v. Firmin, Sprague Huffman Co., L.P.A.,
(1991), 71 Ohio App.3d 838, 595 N.E.2d 1023; Innes v. Howell Corp., (6th Cir., 1996), 76 F.3d 702, 712.
 {¶ 29} On the record before this court, it is unclear to what extent, if any, defendants agreed to represent Maloof's personal interests versus those of his companies. There is no evidence showing in what capacity Maloof retained the law firm or for what purpose and whether there was a conflict of interest. Nor need there be at this stage of the case. On the other hand, there are sufficient averments to overcome a challenge to plaintiff's standing to bring his malpractice claim against defendants.
 {¶ 30} Civ.R. 17(A) defines a "real party in interest":
"Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his name as such representative without joining with him the party for whose benefit the action is brought."
"The test for determining who is a real party in interest is: `Who would be entitled to damages?'" Weiner v. Am. Cancer Soc'y, Cuyahoga App. No. 80308, 2002-Ohio-2718, 2002-Ohio-App. LEXIS 2950, at ¶ 82.
 {¶ 31} Even though Maloof frames his assignment of error in terms of his status as a "sole shareholder," such a phrase is not dispositive of his status in this suit. When the lower court found that Maloof could not bring this action as a shareholder under Adair, it presumptively
concluded that Maloof was not personally entitled to damages.
 {¶ 32} However, in those instances in which Maloof says he, as an individual has been harmed by defendants, the trial court and this court must presume these allegations to be true and make all reasonable inferences in favor of Maloof, the nonmoving party. Civ.R. 12(B)(6);Mitchell, supra. The complaint, as drafted and liberally construed, is readily susceptible to the interpretation that defendants owed Maloof, as an individual, a special duty arising from their obligations to him as an individual client. It is not, therefore, "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recover." Civ.R. 12(B)(6). The trial court erred in granting the motion to dismiss.
 {¶ 33} The trial court committed another error, moreover, which made its dismissal under Civ.R. 12(B)(6) improper. The court failed to convert the motion to dismiss into a motion for summary judgment. Civ.R. 12(B) provides in pertinent part: "When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleadings and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56." (Emphasis added.)
 {¶ 34} Both defendants and Maloof presented matters outside the pleadings. Because the trial court did not affirmatively exclude any of the extraneous matters presented by the parties, it is impossible to tell what, if any, of these matters the Court relied upon before granting defendants' motion. See, Dayco Corp. V. Goodyear Tire Rubber Co., (6th Cir. 1975), 523 F.2d 389.
 {¶ 35} In their motion to dismiss, defendants refer to the separate lawsuit entitled Level Propane Gases, Inc. v. Squire, Sanders, Dempsey, L.L.P. et al., Cuyahoga County Case NO. CV-02-469882. A good part of the motion is devoted to arguing for dismissal because of this other case. Defendants state that the case contains "the same allegations of malpractice" as the case at bar. Defendants further argue that because the two cases involve the same allegations, the instant case must be dismissed or they will be subject "to duplicative lawsuits seeking recovery for the alleged tort." Maloof's complaint says nothing about this other suit.
 {¶ 36} When Maloof filed his opposition to defendants' motion to dismiss, he too presented matters outside the pleadings, namely his own affidavit. In the affidavit, Maloof provides additional facts not clearly included in his complaint. In that affidavit, Maloof states:
"The defendants * * * were his personal and corporate attorneys from 1983 until 2002.
"* * *
"Defendants knew that he had to sign personal guarantees for loans and leases connected with the operation of the corporations.
"* * *
"* * * [T]he banks forced him into involuntary bankruptcy.
"Bankruptcy then triggered seven (7) lawsuits to date by creditors on his personal guarantees which total $15,000,000.00 and counting.
"Plaintiff states that defendants' failure to exercise that duty of care required of attorneys undertaking representation of corporate clients and individuals with personal guarantees on corporations caused him irreparable harm."
 {¶ 37} Because of defendants' reference to substantive matters inPropane Gases, Inc. v. Squire, Sanders, Dempsey, L.L.P., supra, and because of Maloof's affidavit, the trial court should have treated defendants' 12(B)(6) motion to dismiss as a motion for summary judgment pursuant to Civ.R. 56.[4] State ex rel. Plaza Interiors v. City ofWarrensville Heights, (May 24, 2001), Cuyahoga App. No. 78267.
 {¶ 38} If there is any ambiguity in the complaint as to whether Maloof is charging, at least in part, that he was directly and personally harmed, the most this court can conclude is only that the issue of Maloof's standing cannot be resolved from the face of the complaint.
 {¶ 39} Maloof's affidavit, moreover, presents additional averments that clarify the basis for his standing and, at the very least, raise questions about the relationship among defendants, Maloof, and his companies. Defendants, moreover, have not denied they acted as Maloof's personal counsel. Thus there are sufficient statements in the complaint, especially coupled with the affidavit, to return the case to explain further his dual relationship.
 {¶ 40} The majority further states that "Maloof does not allege that Barry and Squire, Sanders committed malpractice in advising him to personally guarantee the corporate debt. Rather, Maloof simply alleges that they knew he had signed personal guarantees for the corporation." His affidavit, however, specifies that "defendants' failure to exercise that duty of care required of attorneys undertaking representation of corporate clients and individuals with personal guarantees oncorporations caused him irreparable harm." (Emphasis added.)[5] This statement sufficiently presented a claim upon which relief can be granted, because the claim regarding Maloof as an individual remains, no matter what happens to his claim as a sole stockholder. Therefore, the trial court should not have granted the 12(B)(6) motion.
 {¶ 41} Moreover, there is an additional reason to conclude that dismissal under Civ.R. 12(B)(6) was improper: the record in this case is silent on whether the trial court relied on any of the parties' references to extraneous matters. The trial court erred, therefore, when it did not convert the motion to dismiss to a motion for summary judgment even though both parties presented "matters outside the pleading and such matters were not excluded by the court." Civ.R. 12(B). Whether the court relied on the extraneous matters both parties presented is almost beside the point because, either way, the court could not reach, let alone determine the issue of whether Adair applies in this case.
 {¶ 42} Looking just at the face of the complaint under Civ.R. 12(B)(6), the court cannot unequivocally deny that Maloof is a real party in interest. Moreover, under Civ.R. 56, if the court considered the extraneous matters relied upon by the parties, there are further allegations to overcome a challenge to Maloof's standing to sue defendants.
 {¶ 43} I would sustain Maloof's sole assignment of error and reverse the judgment of the trial court.
[2] Plaintiff also owns other companies, none of which are relevant to this appeal.
[3] We note that Maloof has not alleged a derivative suit, which, by definition, "is brought by a shareholder in the name of the corporation to enforce a corporate claim." Crosby, supra at syllabus.
[4] Under Civ.R. 56, summary judgment is appropriate when, (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can only reach one conclusion which is adverse to the non-moving party. Civ.R. 56 places upon the moving party the initial burden of setting forth specific facts that demonstrate no issue of material fact exists and the moving party is entitled to judgment as a matter of law. If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, the non-moving party has a reciprocal burden to set forth specific facts demonstrating a genuine issue for trial. Holliman v. Allstate Ins. Co. (1999),86 Ohio St.3d 414, 715 N.E.2d 532; Temple v. Wean United, Inc. (1997),50 Ohio St.2d 317, 327, 364 N.E.2d 267.
[5] The defendants claim "[t]he Complaint does not allege an injury to Plaintiff Maloof `in any capacity other than in common with all other shareholders as a consequence of the wrongful actions of a third party directed towards the corporation.'" Defendants' Motion To Dismiss, p. 5. Defendants, however, have ignored the clarification in the affidavit.