

**FILED**

Jun 19 2023, 8:37 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Matthew C. Olsen
Angela K. Hall
Brian J. Paul
Emanuel L. McMiller
Faegre Drinker Biddle & Reath LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES –
CHAEL, IMBODEN AND
KLECKNER

Paul R. Chael, Receiver
Merrillville, Indiana

Thomas E. Moss
Portage, Indiana

Patrick A. Mysliwy
Hammond, Indiana

ATTORNEY FOR APPELLEE –
RYAN FIRE PROTECTION, INC.

Grantland M. Clapacs
Dentons Bingham Greenebaum
LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE –
ADAMS MASONRY

Kevin E. Steele
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE –
C&C IRON, INC.

Michael F. Drewry
Christopher S. Drewry
Jeffrey M. Kraft
Drewry Simmons Vornehm, LLP
Carmel, Indiana

ATTORNEYS FOR APPELLEE –
KLECKNER INTERIOR SYSTEMS

Patrick A. Mysliwy
Stephen M. Maish

Hammond, Indiana

ATTORNEY FOR APPELLEE –
CIRCLE R MECHANICAL, INC.

Matthew J. Hagenow
Newby, Lewis, Kaminski & Jones,
LLP
LaPorte, Indiana

ATTORNEY FOR APPELLEE –
MIDWESTERN ELECTRIC, INC.

F. Joseph Jaskowiak
Hoeppner Wagner & Evans LLP
Merrillville, Indiana

ATTORNEY FOR APPELLEE –
IMBODEN CONSTRUCTION
CORPORATION

Thomas E. Moss
Portage, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

Porter Hospital, LLC d/b/a
Northwest Health-Porter,

*Appellant-Plaintiff,*

v.

TRK Valpo, LLC, Imboden
Construction Corporation, TRK-
Construction-IN, LLC, Circle R
Mechanical, Inc., Gluth Brothers
Roofing Company, Inc.,
Kleckner Interior Systems, Inc.,
Midwestern Electric, Inc., Ryan

June 19, 2023

Court of Appeals Case No.
22A-PL-2724

Appeal from the Porter Superior
Court

The Honorable Jeffrey W. Clymer,
Judge

Trial Court Cause Nos.
64D02-2109-PL-8763
64D05-2109-PL-8802

Fire Protection, Inc., Trout Glass
& Mirror, Inc., Shaffner Heaney
Associates, Inc., Allied Door &
Hardware, LLC, Adam's
Masonry, Inc., C&C Iron, Inc.,
Paul R. Chael, City of
Valparaiso, Indiana,

*Appellees-Defendants.*

**Opinion by Judge Tavitas**
Judges Vaidik and Foley concur.

**Tavitas, Judge.**

## Case Summary

[1]     Porter Hospital, LLC, d/b/a Northwest Health-Porter ("Hospital") appeals the

trial court's granting of a motion to set aside a judgment filed by Paul R. Chael

("Receiver") and various contractors.[1]  This appeal concerns the relationship

between two actions filed against TRK Valpo, LLC ("TRK").  In the first

action, various contractors filed a mechanic's lien foreclosure action against

property owned by TRK.  In the second action, the Hospital filed an injunction

against TRK regarding its use of the same property.  After the Receiver was

---

[1] The contractors include Imboden Construction Corporation ("Imboden"); TRK; TRK-Construction-IN,
LLC; Circle R Mechanical, Inc.; Gluth Brothers Roofing Company, Inc.; Kleckner Interior Systems, Inc.;
Midwestern Electric, Inc.; Ryan Fire Protection, Inc.; Trout Glass & Mirror, Inc.; Shaffner Heaney
Associates, Inc.; Allied Door & Hardware, LLC; Adam's Masonry, Inc.; C&C Iron, Inc.; and the City of
Valparaiso, Indiana.

appointed in the mechanic's lien foreclosure action, a stipulated order was entered in litigation between the Hospital and TRK. Because the Receiver did not receive notice of the stipulated order and the stipulated order adversely impacted the property at issue, the trial court granted the motion to set aside the stipulated order. We conclude that the trial court did not abuse its discretion by granting the Receiver's motion to set aside the stipulated order. Accordingly, we affirm.

## Issue

[2] The Hospital raises one issue, which we restate as whether the trial court erred by granting the motion to set aside the judgment.

## Facts

[3] The Hospital owned property located at 1425 Glendale Boulevard in Valparaiso ("Property"). In May 2016, the Hospital sold the Property to NWI Medical Realty, LLC ("NWI"). Certain use restrictions ("Use Restrictions") were negotiated and included as Exhibit B to the parties' contract. The purpose of the Use Restrictions was "to prevent future development on or use of the Property that would harm and materially impact [the Hospital's] business and its operation of medical facilities in close proximity to the Property." Appellant's App. Vol. II p. 127. During negotiation of the contract and Use Restrictions, TRK was "brought in by NWI as a potential future developer for the Property." *Id.* TRK was "an active participant in the negotiation and consummation of the Property's sale to NWI . . . ." *Id.*

[4] The Use Restrictions provided, in part:

> The covenants, restrictions and rights of first refusal provided for in Article I shall be effective upon the date hereof and shall run with the Land. The agreements provided for herein shall inure to the benefit of and be binding upon (a) Grantor and its successors and assigns; (b) the Hospital Parcel Owner; (c) the Grantee, and (d) the respective successors, successors-in-title, assigns, heirs and lessees of Grantor, the Hospital Parcel Owner and the Grantee, and their respective agents, employees, lessees and invitees. The covenants and restrictions provided for in Article I shall remain in full force and effect and shall be unaffected by any change in ownership of the Property, or any portion thereof, or by any change of use, demolition, reconstruction, expansion or other circumstances, except as specified herein. Irreparable harm will result to Grantor and the Hospital Parcel Owner by reason of any breach of the agreements, covenants and restrictions set forth in this Deed and, therefore, Grantor and the Hospital Parcel Owner shall be entitled to relief by way of injunction or specific performance to enforce the provisions of this Deed, as well as any other relief available at law or equity.

Appellant's App. Vol. II p. 105. A Special Warranty Deed regarding the sale was recorded with the Porter County Recorder's Office on July 13, 2016. The Use Restrictions, however, were not attached to the recorded deed.

[5] In 2017, NWI sold the Property to TRK. The Warranty Deed provided that the conveyance was "subject to . . . the Use Restrictions and Covenants appended to the Deed dated 6/27/16 recorded 7/13/16 as Document No. 2016-016994 from [the Hospital] to [NWI] . . . ." *Id.* at 107.

[6]     At some point, TRK began to develop the Property. In 2021, the Hospital learned that "TRK intended to lease, use, or convey space in the Property to one or more physician groups competitive to [the Hospital], which is a violation of the Covenants." Appellant's App. Vol. II p. 128. The Hospital then repeatedly expressed concerns to TRK that it was or would be violating the Use Restrictions.

[7]     Separately, after TRK allegedly failed to pay contractors for work performed on the Property, multiple contractors recorded mechanic's liens against the Property. On September 27, 2021, Imboden filed a complaint in Porter Superior Court II for, in part, foreclosure of its mechanic's lien and named TRK and the other contractors with mechanic's liens on the Property as Defendants ("Mechanic's Lien Foreclosure Action"). The next day, on September 28, 2021, Imboden recorded a notice of *lis pendens* at 3:15 p.m.

[8]     Approximately one hour later, however, the Hospital filed a complaint in Porter Superior Court V against TRK seeking injunctive relief ("Injunction Action"). The Hospital alleged that TRK was violating the Use Restrictions and sought injunctive relief to prevent TRK from doing so. TRK was the only defendant named in the complaint, and the same attorney represented TRK in both the Mechanic's Lien Foreclosure Action and the Injunction Action.

[9]     On October 8, 2021, in the Mechanic's Lien Foreclosure Action, Imboden requested that Porter Superior Court II appoint a receiver to "take possession and control of the real property and improvements . . . ." *Id.* at 130. On

November 10, 2021, Porter Superior Court II appointed Paul Chael as receiver. Porter Superior II's order notes that TRK "did not object to the appointment of a receiver . . . ." *Id.* at 205. Porter Superior Court II ordered that the Receiver "shall take possession of [the Property] and manage, operate, preserve, and maintain the property pending further order of this Court" and that the Receiver had all available powers allowed under Indiana Code Section 32-30-5-7. *Id.* at 206. The order further provided: "All parties to this action shall cooperate with the receiver and accommodate the receiver's right to possess this property hereby placed in his control under the authority and jurisdiction of this Court, and shall not impair or disturb the receiver's rights to possession and control of this property while this action remains pending before this Court." *Id.* Chael accepted the appointment as Receiver on November 16, 2021.

[10] On December 29, 2021, in the Injunction Action, the Hospital and TRK filed a joint motion for entry of a stipulated order for final judgment and permanent injunction. The parties agreed that "the Restrictive Covenants run with the Property" and that "the Restrictive Covenants were and continue to be valid and enforceable upon TRK, and that the Restrictive Covenants apply to the Parties and their respective successors, successors-in-title, assigns, heirs, lessees, agents, employees, and invitees." *Id.* at 228. On January 11, 2022, Porter Superior Court V entered the stipulated order ("Stipulated Order"), which provided:

> 1. The Parties, and their successors, successors-in-title, assigns, heirs, lessees, agents, employees, and invitees, are bound by the

Restrictive Covenants, attached hereto and fully incorporated herein as Exhibit A.

2. This Order and the attached Restrictive Covenants shall apply to TRK and to all persons or entities in active concert or participation with it.

3. TRK, and/or its successors, successors-in-title, assigns, heirs, and/or lessees, shall append a copy of this Stipulated Order and the attached Restrictive Covenants with any deed that is filed and recorded with the Porter County Recorder's Office for any subsequent sale or transfer of the Property.

4. TRK, and its successors, successors-in-title, assigns, heirs, and/or lessees, are PERMANENTLY ENJOINED FROM using the Property in any manner prohibited by the Restrictive Covenants without the prior written consent of Porter Hospital which consent may be granted or denied in its sole and absolute discretion.

5. TRK, and its successors, successors-in-title, assigns, heirs, and/or lessees, are PERMANENTLY ENJOINED FROM leasing or selling the Property to any individual or entity that is categorically prohibited by the Restrictive Covenants without the prior written consent of Porter Hospital which consent may be granted or denied in its sole and absolute discretion.

6. The Court will retain jurisdiction over the Parties and this matter to the extent necessary to enforce the terms and conditions of this Stipulated Order.

*Id.* at 228-29.

[11]     On December 30, 2021, the Receiver filed a motion for authorization from Porter Superior II to sell the Property. The Receiver and the Hospital's counsel exchanged emails in February 2022. Until those emails, the Receiver was unaware of the judgment in the Injunction Action between the Hospital and TRK. After a hearing, Porter Superior Court II granted the Receiver's motion to sell the Property on February 15, 2022.

[12]     On May 12, 2022, in the Injunction Action, the Receiver filed a motion for relief from judgment regarding the Stipulated Order. The Receiver alleged that: (1) it did not receive notice of the proposed Stipulated Order or the Stipulated Order until February 2022; (2) the interests of the plaintiffs in the Mechanic's Lien Foreclosure Action are "adversely impacted by the entry of the Stipulated Order"; (3) the Injunction Action should have been "pursued by intervention, rather than a stand-alone case"; and (4) the Stipulated Order was "a means to interfere with the Receiver's control of the real estate, and to avoid the existing jurisdiction of the Court in [the Mechanic's Lien Foreclosure Action] to authorize a sale of the real estate." *Id.* at 238-39.

[13]     The Hospital filed a response to the Receiver's motion for relief from judgment. The Hospital argued: (1) the Receiver is a non-party to the Injunction Action and did not file a motion to intervene in the matter; (2) the Stipulated Order merely reiterates that the Property is subject to the Use Restrictions; (3) the mechanic's liens were recorded many years after the Use Restrictions were received by the Hospital; and (4) the Receiver can still sell the Property subject to the Use Restrictions.

[14]     The Receiver filed a motion to intervene in the Injunction Action, which Porter Superior Court V granted. The Receiver and some of the contractors filed motions to consolidate the two actions. Porter Superior Court V and Porter Superior Court II then granted the motion to consolidate the Injunction Action with the Mechanic's Lien Foreclosure Action. *See* Ind. T.R. 21. Porter Superior Court II then set the motion for relief from judgment for hearing. Many of the mechanic's lien claimants joined in the Receiver's motion to set aside the Stipulated Order.

[15]     Porter Superior Court II held a hearing on the motion to set aside the Stipulated Order on October 18, 2022. Porter Superior Court II then granted the motion to set aside as follows:

> The Stipulated Order in the Injunction Case was entered without notice to the parties in the Lien Case, notwithstanding that a receiver had already been appointed in the Lien Case. The applicability of any Restrictions was never litigated on the merits in the injunction case.
>
> TRK stipulated to the entry of the Order in the injunction at the same time it was refusing to pay its contractors in the lien case.
>
> The stipulated order entered in the injunction case granted more relief than was allowed by the Restrictions, assuming arguendo that unrecorded Restrictions have any legal effect whatsoever.
>
> Therefore, the Receiver's Motion for Relief from Judgment filed in the injunction case is GRANTED and the Stipulated Order of January 11, 2022 is vacated.

> The January 11, 2022 stipulated order specifically applied to
> TRK and makes no reference to the Receiver's ability to sell
> Property without Restrictions.
>
> These matters are now set for a further Status Hearing on
> December 20, 2022 @ 1:30 pm. Parties are encouraged to submit
> supplemental briefs, which specifically address the effect of
> unrecorded Restrictions.

Appellant's App. Vol. II pp. 42-43. Thus, the trial court set aside the Stipulated Order, but the trial court has not yet considered whether the Use Restrictions will apply to a sale by the Receiver. The Hospital now appeals.

## Discussion and Decision

[16] The Hospital challenges the trial court's grant of the motion to set aside the Stipulated Order. We review a trial court's ruling on a Trial Rule 60(B) motion for an abuse of discretion. *Berg v. Berg*, 170 N.E.3d 224, 227 (Ind. 2021). An abuse of discretion occurs "where the trial court's judgment is clearly against the logic and effect of the facts and circumstances before it or where the trial court errs on a matter of law." *Id.* "[W]here a ruling turns on a question of law, our review is de novo." *Id.*

[17] Trial Rule 60(B) provides, in part:

> On motion and upon such terms as are just the court may relieve
> a party or his legal representative from a judgment, including a
> judgment by default, for the following reasons:
>
> * * * * *

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

* * * * *

(6) the judgment is void;

* * * * *

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

[18] The trial court here granted the motion to set aside the Stipulated Order because, in part, the Receiver did not receive notice of the Stipulated Order. On appeal, the Hospital argues that a non-party should not be allowed to attack the Stipulated Order under Trial Rule 60(B). Alternatively, the Hospital argues that the Receiver and mechanic's lien claimants were required to demonstrate evidence of fraud in order to set aside the Stipulated Order. The Hospital further argues that the Stipulated Order merely enforced the Use Restrictions, which were agreed to many years earlier.

[19] Appellees, however, argue that the motion to set aside was properly granted because: (1) Porter Superior Court V lacked jurisdiction to enter the Stipulated Order because Porter Superior Court II was vested with exclusive jurisdiction

over the Property[2]; (2) the Stipulated Order violated Porter Superior Court II's order regarding the receivership; (3) the Receiver and mechanic's lien claimants should have been given notice of the Injunction Action and proposed Stipulated Order; and (4) the failure to bring the Mechanic's Lien Foreclosure Action and receivership to the attention of Porter Superior Court V worked to deceive the court.[3]

[20] We resolve this appeal, as the trial court did, on the basis of lack of notice to the Receiver. On November 10, 2021, in the Mechanic's Lien Foreclosure Action, the trial court ordered that the Receiver "shall take possession of [the Property] and manage, operate, preserve, and maintain the property pending further order of this Court" and that the Receiver had all available powers allowed under

---

[2] Our Supreme Court has held:

> It is well settled that two courts of concurrent jurisdiction cannot deal with the same subject matter at the same time. Once jurisdiction over the parties and the subject matter has been secured, it is retained to the exclusion of other courts of equal competence until the case is resolved, and the rule applies where the subject matter before the separate courts is the same, but the actions are in different forms. Exclusive jurisdiction over a particular cause of action vests when the complaint or other equivalent pleading or document is filed.

*In re Marriage of Huss*, 888 N.E.2d 1238, 1241 (Ind. 2008) (quoting *In re Paternity of Fox*, 514 N.E.2d 638, 641 (Ind. Ct. App. 1987), *trans. denied*). We cannot say that the subject matter of both cases was the same here; regardless, we resolve this appeal on other grounds and do not address this argument.

[3] In the Hospital's reply brief, the Hospital argues that "[n]early every material argument from the Appellees' joint brief is a new argument that was not previously raised or developed in any meaningful way in the trial court." Appellant's Reply Br. p. 7. We disagree. The motion to set aside the Stipulated Order was based upon the lack of notice to the Receiver, and we resolve this appeal on that basis. Moreover, our Supreme Court has held that a prevailing party, typically the appellee, may defend the trial court's ruling on any grounds, including grounds not raised at trial. *Drake v. Dickey*, 12 N.E.3d 875, 875 (Ind. 2014) (per curiam) (citing *Citimortgage, Inc. v. Barabas*, 975 N.E.2d 805, 813 (Ind. 2012)).

Indiana Code Section 32-30-5-7.  Appellant's App. Vol. II p. 206.  Indiana

Code Section 32-30-5-7 provides:

> The receiver may, under control of the court or the judge:
>
> > (1) bring and defend actions;
> >
> > (2) take and keep possession of the property;
> >
> > (3) receive rents;
> >
> > (4) collect debts; and
> >
> > (5) sell property;
>
> in the receiver's own name, and generally do other acts
> respecting the property as the court or judge may authorize.

[21]   "[A]s soon as a receiver is appointed and qualified, the assets become

receivership assets until final distribution by court order."  *King v. King*, 982

N.E.2d 1026, 1032 (Ind. Ct. App. 2013), *trans. denied*.  Moreover, Porter

Superior Court II's order provided: "**All parties to this action** shall cooperate

with the receiver and accommodate the receiver's right to possess this property

hereby placed in his control under the authority and jurisdiction of this Court,

and **shall not impair or disturb the receiver's rights to possession and control**

**of this property** while this action remains pending before this Court."  *Id.*

(emphasis added).  TRK was a party to the Mechanic's Lien Foreclosure

Action and, thus, had a duty not to impair or disturb the Receiver's rights to the

Property. By stipulating to the injunction on the Property, which was under the control of the Receiver, TRK failed to comply with Porter Superior Court II's order.

[22] The Hospital, however, argues that the Injunction Action resulted in an "in personam" judgment, which was applicable only to TRK, while the Mechanic's Lien Foreclosure Action was an "in rem" action, which impacted the Property itself.[4] Accordingly, the Hospital contends that the Stipulated Order did not interfere with the Mechanic's Lien Foreclosure Action. We find the Hospital's argument unpersuasive.

[23] TRK was a party to both the Injunction Action and the Mechanic's Lien Foreclosure Action. The Receiver was granted control over the Property by the trial court in the Mechanic's Lien Foreclosure Action. In the Injunction Action, the Hospital sought to enforce the unrecorded Use Restrictions against TRK and future owners of the Property, which may impact the Receiver's ability to liquidate the property. Moreover, TRK was under court order not to

---

[4] "A judgment in rem is one founded on proceedings instituted against or on something, the status of which is to be determined. It affects the interests of all persons in designated property but creates no personal liability and is distinguished from a judgment in personam that binds the defendant personally." 17 IND. LAW ENCYC. Judgment § 5. "An in personam judgment imposes a personal liability or obligation on one person in favor of another." *Id.*

impair or disturb the Receiver's rights of possession and control over the Property. The Stipulated Order, however, did just that.

[24] Although not mentioned by the parties, we note that Trial Rules 19 and 21 are pertinent to this circumstance. Trial Rule 19(A) provides:

> A person who is subject to service of process **shall be** joined as a party in the action if:
>
>> (1) in his absence complete relief cannot be accorded among those already parties; or
>>
>> (2) **he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may**:
>>
>>> (a) **as a practical matter impair or impede his ability to protect that interest**, or
>>>
>>> (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.
>
> If he has not been so joined, the court **shall order** that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant.

(emphasis added).

[25] By way of the order appointing a Receiver in the Mechanic's Lien Foreclosure Action, the Receiver "claim[ed] an interest" in the Property, and the disposition

of the injunction and entry of the Stipulated Order "as a practical matter impair[ed] or impede[d] [the Receiver's] ability to protect that interest." T.R. 19(A). Accordingly, the Receiver should have been joined as a party to the Injunction Action. *See, e.g., Sacks v. Am. Fletcher Nat. Bank & Tr. Co.*, 258 Ind. 189, 194, 279 N.E.2d 807, 811 (1972) ("If the corporation is in the hands of a receiver at the time of the derivative suit then the receiver, as he represents the corporation, is a necessary party."); *In re Paternity of C.M.R.*, 871 N.E.2d 346, 349 (Ind. Ct. App. 2007) ("A 'necessary party' is one who must be joined in the action for a just adjudication.").

[26] The Receiver, however, was not joined in the Injunction Action and did not request to intervene prior to the entry of the Stipulated Order. In fact, it is unclear from the record presented to us whether the Receiver was even aware of the Injunction Action. Regardless, Trial Rule 21(A) provides that, where a party is not joined in an action, "[s]ubject to its sound discretion and on motion of any party or of its own initiative, the court may order parties dropped or added **at any stage of the action** and on such terms as are just and will avoid delay." (emphasis added). The trial court in the Injunction Action allowed the Receiver to intervene, consolidated the Action with the Mechanic's Lien Foreclosure Action, and granted the Receiver's motion to set aside the Stipulated Order.

[27] Given the lack of joinder of the Receiver in the Injunction Action and the failure of TRK to comply with Porter Superior Court II's order regarding the Receiver's control over the Property, the Receiver was entitled to relief from the

judgment under Trial Rule 60(B)(8) for "any reason justifying relief from the operation of the judgment." Under these circumstances, we cannot say the trial court abused its discretion by granting the motion to set aside the Stipulated Order.

## Conclusion

[28] The trial court did not abuse its discretion by granting the motion to set aside the Stipulated Order. Accordingly, we affirm.

[29] Affirmed.

Vaidik, J., and Foley, J., concur.